May 3, 1922, reversing an award of the State Industrial Board and directing dismissal of a claim under the Workmen's Compensation Law. Claimant was secretary, treasurer and general manager of defendant packing box company and owned about one-half of its stock. While in the performance of his duties he was injured and seeks compensation therefor. The Appellate Division directed a dismissal of the claim upon the ground that the salary of claimant was not included in the total remuneration of employees upon which the premium of the insurance carrier was based.

*Carl Sherman*, Attorney-General (*E. C. Aiken* of counsel), for appellant.

*Barnett Cohen* and *Frank J. O' Neill* for respondents.

Order affirmed, with costs against state industrial board; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of ROSE BRISKIN, Appellant, against MORRIS HYMAN et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's Compensation Law — claim dismissed on ground of insufficiency of evidence that at time of accident deceased was engaged in regular course of employment.*

*Matter of Briskin* v. *Hyman*, 203 App. Div. 275, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1922, reversing an award of the state industrial board and directing dismissal of a claim made under the Workmen's Compensation Law. Claimant's decedent, the temporary or substitute manager of a garage in Brooklyn, died as the result of burns received in a fire which destroyed the garage at about two-thirty A. M. There was evidence that decedent went to the garage on the night in question to sleep there rather than

take the long trip to his home in The Bronx and back again the next morning. The Appellate Division held that there was no evidence to support the finding that at the time of the accident the deceased was engaged in the regular course of his employment.

*Jeremiah F. Connor* for appellant.

*Alfred W. Meldon* and *Joseph Force Crater* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of KATHERINE W. SPAULDING, as Administratrix of the Estate of LUCY A. WEED, Deceased.

FRED SPAULDING, Appellant; WARREN T. WEED, Respondent.

*Decedent's estate — claim by son-in-law of decedent for value of her board and care — disallowed on ground neither express nor implied contract shown by evidence.*

*Matter of Spaulding,* 202 App. Div. 763, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 9, 1922, which affirmed a decree of the Saratoga County Surrogate's Court disallowing a claim by the son-in-law of intestate for her board and care during the last three years of her life, on the ground that the evidence did not show an express contract or warrant the finding of an implied contract.

*James M. Dunlavey* for appellant.

*Edward W. Eddy* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.