■  In the Matter of the Claim of MARTIN MEDINA, Respondent, against SHORE ROAD HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability from injuries sustained when claimant, while allegedly cutting a lemon with a cleaver, amputated two fingers and lacerated the tendons of other fingers. Claimant was employed as a waiter in a hospital. He also substituted for an assistant cook on the latter's day off. He was furnished a room and his meals on the premises but these arrangements were permissive only and he was not required to sleep or eat in the hospital and was not on call at any time except during his regular hours of duty. His injuries occurred, according to his testimony, while he was preparing to make lemonade for his personal refreshment. Appellants contend that claimant's employment had been terminated by his discharge prior to his injury and, further, that his injuries were self-inflicted and not accidental. It is unnecessary to pass on the board's findings to the contrary on these two issues as we have concluded that, in any event, the injury did not arise out of and in the course of the employment. We read the board's formal findings that the injuries occurred while claimant " was engaged in the regular course of his employment " with the statement in the board's memorandum decision that on the day of his injury " he relieved the cook in the kitchen and while cutting a lemon with cleaver to make lemonade for himself, he sustained an injury ". Although there was testimony on behalf of the employer that claimant was not to relieve the cook on that day, that he was due at work at 6:00 A.M., but failed to appear until 3:00 P.M. and that meanwhile, pursuant to prior warning, he had been discharged and his job filled by a man hired after he failed to appear and to whom he was introduced before his injury occurred, we reach our conclusion

solely upon claimant's testimony and upon what seem to us the inescapable inferences to be drawn therefrom. It is true that claimant testified that some time prior to the day of the injury he had been told that he was to relieve the cook on that day and the board's finding is obviously predicated on that fragment of his testimony, the effect of which is completely destroyed by other evidence adduced from him and by an examination of his testimony as a whole. He testified that when he arrived at the hospital the first cook told him that because of his absence the dietician " had to place another person to work instead of me " and that when he came down to the kitchen " I saw that the cook that I was going to relieve was working ". Thus it was clear to claimant that, whether or not he was discharged, he was not, in any event, to perform either his usual work as a waiter or his occasional work as a substitute cook. He admitted also that, although he had gone to his room before going to the kitchen, he did not change his clothes but entered the kitchen — that of a hospital — wearing his street clothes and hat and with a cigar in his mouth and went immediately to the refrigerator to obtain the lemon. Viewed in the light of the record as a whole (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5, 9), we find unsubstantial the evidence upon which were predicated the board's findings last alluded to. In this case, our conclusion seems even stronger when we reach the same result by a separate consideration of all the evidence adduced on behalf of the claimant, without reference to the proof unfavorable to him which was presented by the employer and carrier. It is clear that the arrangement for room and meals was permissive only and not for the benefit of the employer, since claimant was not on call or required to perform any service except during the regular hours of his work. From our conclusions that the injuries were not sustained during any work period and resulted from a personal act performed, according to claimant's testimony, solely for his benefit and unrelated to any service for the employer, it follows that compensation must be denied. (*Matter of Congdon* v. *Klett,* 307 N. Y. 218; *Matter of Pisko* v. *Mintz,* 262 N. Y. 176; *Matter of Groff* v. *Uzzilia,* 1 A D 2d 273, affd. 2 N Y 2d 840). The personal act and resultant injury here are comparable to those suggested by Judge CRANE in the *Pisko* case (*supra,* p. 179) by way of illustration, such as a cut received by an employee while shaving or burns received while cooking his meals. Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.