In the Matter of the Claim of RICHARD BROMAN, Respondent, v. A. BRASSARD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 28, 1970.

Hinman, Howard & Kattell (John C. Fish of counsel), for appellants.

Stanton M. Drazen for claimant-respondent.

Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez and Daniel Polansky of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 14, 1969, which awarded compensation benefits to the claimant.

The appellants contend that the record does not contain substantial evidence to support the board's finding that the accident suffered by the claimant arose out of and in the course of employment.

The claimant and others residing in the area of Binghamton were hired by the employer, a subcontractor, to perform carpentry construction work in Oneonta. The job site was about 90 miles from the claimant's residence and to induce his acceptance of the employment he was given two extra hours of pay per day as a " travel allowance ". The employer's foreman desired that the claimant reside near the job site during the construction project and it appears that the claimant also desired to eliminate the onerous travel to the job site from his permanent residence. The advantages to the employer arising from the claimant living closer to the job site were that the claimant could work extra hours to complete the project. It does not appear that the employer at any time made availability for overtime work or residence close to the job site a condition of the employment. The claimant, on behalf of himself and the other employees obtained the consent of his employer and the general contractor and owner of the premises to reside thereon while completing the carpentry work. Such consent was given impliedly or actually by all parties. While living on the premises, the claimant was injured when he fell in a hole thereon at 2:00 A.M. on October 21, 1966. After such injury the general contractor entered into an agreement with the other employees of the appellant employer to pay their expenses for lodging in the Oneonta area.

The primary issue for the board and the dispositive issue upon this appeal is whether or not the residence supplied for the claimant was such a part of his employment as to render the appellants liable for injuries suffered during off-duty hours. The appellants contend that where the on-premises residence does not arise by virtue of a contract of employment or by reason of the nature of the employment such injuries are not covered during off-duty hours.

The appellants place primary reliance on Matter of Groff v. Uzzilia (1 A D 2d 273, 275, affd. 2 N Y 2d 840) which held that

where the record establishes that an employee's residence on an employer's premises was purely permissive or solely for the employee's convenience such residence was not a part of the employment. In the *Groff* case the record established that the residence on the job site was a *favor* to the employee and was not in the nature of a fringe benefit of the contract of employment or required by the nature of the employment or otherwise.

In the present case the record establishes that subsequent to the original hiring the claimant desired to have free lodging on the premises and that such free lodging was provided because this was advantageous to the employer, general contractor, and land owner. It does not appear that such free lodging was bargained for by claimant or offered by the employer as an inducement to continue the employment and there is no indication that the claimant was unwilling or unable to perform the employment because of travel time. Furthermore, it does not appear that the claimant was under any employment compulsion to work overtime as a condition of such permitted residence although it is established that the employer expected and hoped to gain overtime work as a result of the arrangement. The present case would appear identical with the *Groff* case (*supra*) except that herein there was a reasonable probability that the employer would secure more extensive services from the claimant and thus, there was inferentially a benefit to the employer implicit in the granting of free residence on the job site.

In *Matter of Carl* v. *West Hill Sanitarium* (15 A D 2d 703) the court held that where the record established that the residence on premises was *advantageous* to the employer for the incidental performance of duties not covered by the actual agreement of employment an award would be upheld. In that case the claimant was frequently called upon during her off-duty hours to perform various services which advantage would not have accrued to the employer except for her availability from residing on the premises.

While the board in the present case did not expressly find that the lodging was given as a benefit to the employer, it did find that the employer needed men to work overtime and that obtaining good workmen in Oneonta was difficult. Upon such findings the present case comes within the ambit of *Matter of Carl* v. *West Hill Sanitarium* (*supra*) and the award must be upheld as it is founded upon substantial evidence. The question of actual benefit to the employer was not at issue in the cases cited by the appellants. While the reason of claimant for seeking

free lodging on the job site was perhaps purely personal and for his own convenience, it cannot be said that the record establishes that the consent to such lodging was mere acquiescence by the employer as a favor to the claimant. (See *Matter of Groff* v. *Uzzilia, supra*; cf. *Matter of Carl* v. *West Hill Sanitarium, supra*; *Matter of Brooks* v. *New York State Dept. of Correction,* 26 A D 2d 850, 851.)

The decision should be affirmed.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.