■ In the Matter of the Claim of GEORGE KAYALOYLOU, Respondent, v. J & T PAINTING CO., INC., et al., Appellants, and HARTFORD ACCIDENT & INDEMNITY Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and the State Insurance Fund from a decision of the Workmen's Compensation Board, filed September 18, 1970. Claimant was hired in New York by J & T Painting Co., Inc., a New York corporation, to do work in New Jersey painting bridges. While working in New Jersey he sustained accidental injuries. The State Insurance Fund covered the corporation's New York operations. The Hartford Accident and Indemnity Company issued a policy covering its New Jersey operations. After the accident the employer filed with the New York Workmen's Compensation Board reports of injuries, designating Hartford as the carrier. Hartford accepted New York jurisdiction and made payments. Six weeks later it requested reimbursement from the State Fund, claiming payments had been made in error. The State Fund contends that Hartford should be estopped since by its contract of insurance it assumed liability for the employer's operations in New Jersey and since it accepted New York jurisdiction. The board found that New York had jurisdiction of the claim and that the State Fund's policy supplied coverage for employees at the New Jersey location. The board also found that there was no dual coverage and held the State Fund solely liable. There is substantial evidence in the record to sustain the board's determination. There were sufficient significant contacts with New York State so that it can reasonably be held that the employ-

ment was located in this State. (*Matter of Nashko* v. *Standard Water Proofing Co.,* 4 N Y 2d 199, 201.) We find no merit in the State Fund's contention that Hartford should be estopped from denying liability. Decision affirmed, with costs to respondent Hartford Accident and Indemnity Company. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.