In the Matter of the Claim of EDWARD A. MEISCHEN, Respondent, v. LORD ELECTRIC COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed February 15, 1972, which held that it had jurisdiction over the claim. The appellant employer is an electrical contracting corporation having several wholly-owned subsidiary corporations including one located in Puerto Rico. The claimant was injured on February 12, 1970 while working in Puerto Rico. He had been hired in New York State about 13 years prior to the accident and during his employment had been assigned to jobs both in New York State and overseas, always returning to New York State for his orders. In 1965 or 1966 the claimant, after completing an overseas assignment, was assigned by the New York employer to work for and/or with its wholly-owned subsidiary in Puerto Rico. He apparently worked at different places or job sites in Puerto Rico. Claimant's salary was established by the New York employer and, during his entire tenure in Puerto Rico, he was paid by checks drawn by the New York employer on a New York bank and received an expense allowance in addition to his salary for his living expenses. The record establishes that the subsidiary in Puerto Rico was created by the New York employer merely as a convenient and economical way to pursue the New York employer's business in Puerto Rico. The board found: "That claimant was under the control and direction of the corporation from New York and in furtherance of the business of the New York corporation. It is, there-

fore, found that New York jurisdiction is established." The present record establishes sufficient contacts with New York State, as found by the board, so that its finding of jurisdiction here is reasonable. (See *Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199; *Matter of Kayaloylou* v. *J & T Painting Co.*, 37 A D 2d 889; *Matter of Spomer* v. *Westron Corp.*, 35 A D 2d 621, mot. for lv. to app. den. 28 N Y 2d 481; cf. *Matter of Rutledge* v. *Kelly & Miller Bros. Circus*, 18 N Y 2d 464.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.