■ In the Matter of the Claim of GLORIA MUNZ, Appellant, v L. & J. PLUMBING & HEATING COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 16, 1973, which disallowed claimant's claim for benefits on the ground that decedent's death did not arise out of and in the course of employment. Decedent, a plumber, following his separation from his wife, moved into a building owned by his employer. Subsequently, he died assertedly from an after hours fall down some stairs while attempting to use the lavatory or to enter the basement area. The board found that the arrangement for the decedent to live in the employer's building was for the decedent's own benefit, he was off-duty at the time of the accident, and thus that his death was not compensable. This determination is factual and since it is supported by substantial evidence it must be

affirmed. The board, on the instant record, was not compelled to find that the living arrangement was established either as a requisite of employment or even for the employer's benefit and gain (cf. *Matter of Broman v A. Brassard, Inc.,* 35 AD2d 142; *Matter of Carl v West Hill Sanitarium,* 15 AD2d 703), and instead could properly find that the employer merely acquiesced in decedent's living on the business premises *(Matter of Groff v Uzzilia,* 1 AD2d 273, affd 2 NY2d 840). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.