■ In the Matter of the Claim of KATHRYN N. RAYFORD, Respondent, v NATIONAL UNION OF HOSPITAL AND NURSING HOME EMPLOYEES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 25, 1975, awarding death benefits. Decedent lived and was employed in Philadelphia, Pennsylvania as a union organizer for the National Union of Hospital and Nursing Home Employees, AFL-CIO (National Union). At the time in question he was assigned to organize the employees of a laundry in the Philadelphia area that served various hospitals in that particular area. Negotiations between the laundry and union broke down and a strike was called. While allegedly engaged in his union activities, decedent was shot and killed by a security guard who had been assigned to drive a laundry

truck for one of the hospitals serviced by the laundry. Death benefits were awarded and this appeal ensued. Appellants contend that the Workmen's Compensation Board did not have jurisdiction over the claim and that there is no substantial evidence to support the board's determination that the decedent's death arose out of and in the course of his employment. In addition to the afore-mentioned facts, the record further reveals that decedent worked largely in the Philadelphia area but could be assigned to locals in other geographical areas; that National Union had its headquarters in New York City; that decedent was hired by a vice-president of National Union who had his office at the New York headquarters; that decedent's salary was fixed by and his wages paid by check from the New York City office; and that the New York office supervised his activities and decedent came to New York to make reports on his activities. Though the Workmen's Compensation Law does not define its territorial scope, it does create a presumption that in the absence of substantial evidence to the contrary, "the claim comes within the provisions of this chapter" (Workmen's Compensation Law, § 21, subd 1). While our courts recognize this presumption, there has also been articulated a pragmatic test based on the sufficiency of significant contacts between the employment and this State, with each case being determined on its own particular facts *(Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d 199). Considering the record in its entirety, we are of the view that there is no substantial evidence to overcome the statutory presumption and consequently, the board's determination must not be disturbed (see *Matter of Rutledge v Kelly & Miller Bros. Circus,* 18 NY2d 464; *Matter of Meischen v Lord Elec. Co.,* 43 AD2d 608). We also reject appellants' other contention that there is no substantial evidence to support the determination that the decedent's death arose out of and in the course of his employment. Specifically, appellants contend that decedent is not entitled to benefits because of the limitation on liability expressly contained in section 10 of the Workmen's Compsnation Law, which provides that there shall be no liability for compensation when the injury has been solely occasioned by the "wilful intention of the injured employee to bring about the injury or death of himself or another." Pursuant to subdivision 3 of section 21 of the Workmen's Compensation Law, there is a presumption that in the absence of substantial evidence to the contrary the injury was not so occasioned. While several witnesses testified to decedent's activities in general, only the security officer testified to the actual incident causing death. He testified that while in the parking lot of the hospital the decedent walked towards him with a knife in his hand and he shot him. A majority of the board found that the assailant's testimony was self-serving and did not overcome the presumption of subdivision 3 of section 21 or the provisions of section 10 of the Workmen's Compensation Law and that the accident arose out of and in the course of decedent's employment. In this court's opinion, the determination of the board that there was no substantial evidence to overcome the presumption was proper and, therefore, the decision should be affirmed *(Matter of Kaylor v 133 East 80th St. Corp.,* 43 AD2d 999; *Matter of Fragale v Armory Maintenance,* 24 AD2d 302, affd 18 NY2d 729). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.