■ In the Matter of the Claim of KENNETH CRAYTON, Respondent, v RIVERHEAD EXPO CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 24, 1977. In addition to his full-time position as a maintenance man with the Riverhead Water District, claimant worked from May until September one night a week at $10 per night as a racetrack flagman for appellant Riverhead Expo Corporation. His duties included directing cars onto the racetrack and waving different flags to warn drivers of hazards on the track when races were in progress. He testified that he received orders from the pit steward and from the president of Riverhead Expo, who stated that he had authority to discharge the claimant if he were doing something wrong. Each night before commencing his activities, claimant signed a "release" which stated that "he is an independent contractor". There were no tax deductions of any kind made from the cash remuneration paid to claimant at the conclusion of each racing evening. While performing his duties as flagman on the night of September 1, 1973, claimant suffered severe injuries when struck by a race car. Upon this appeal, the appellants contend that the board erred in finding an employer-employee relationship and in fixing the average weekly wage pursuant to subdivision 3 of section 14 of the Workers' Compensation Law. The board found: "based on the testimony, that Mr. Galan, president of the Riverhead Expo Corp., hired claimant as a pit flagman when he took over the operation of the Riverhead Raceway sometime in 1970; that he had the right to hire and fire the claimant; that he paid him wages; that he supervised claimant in the performance of his duties as did the starter, and this constitutes sufficient supervision and control to warrant a finding of employer-employee relationship between the Riverhead Expo Corp. and claimant." Whether an employment relationship exists is a factual matter which is within the province of the board to decide (*Matter of Etherington v Empire Improvements,* 55 AD2d 762). No single factor is conclusive and, significantly, the terms of a written agreement do not preclude the board from ascertaining the true relationship of the parties (*Matter of Glielmi v Netherland Dairy Co.,* 254 NY 60; *Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, mot for lv to app den 43 NY2d 648). In our view, there is clearly substantial evidence in the record to sustain the determination of the board that Riverhead Expo exercised sufficient supervision and control over the claimant to establish an employer-employee relationship. In addition, the board properly determined the claimant's average weekly wage (see *Matter of Miranda v National Med. Care,* 59 AD2d 962). Decision affirmed, with one bill of costs to respondents filing briefs. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.