■ In the Matter of the Claim of BENNY LEAK, Respondent, v ROCKLAND STATE SCHOOL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed April 14, 1977 and December 14, 1977, which found that claimant sustained an accidental injury arising out of and in the course of his employment and directed that compensation benefits be paid to him. Claimant was employed as a therapist at Rockland State Hospital and resided on the hospital grounds when, at approximately 11:55 P.M. on June 20, 1974, several hours after he went off duty for the day, robbers entered the premises on the hospital grounds where he was socializing with another employee. In attempting to flee from the intruders, claimant fell from a second-story window and suffered a fractured right ankle and other injuries. The instant claim resulted and, as noted above, the board ultimately determined that claimant was entitled to compensation. On this appeal, the employer and its insurance carrier challenge only the board's finding that claimant's accidental injuries arose out of and in the course of his employment, and we find their arguments on this issue unpersuasive. Evidence in the record indicates that, as a resident employee, claimant was expected to be available for work whenever he was on the hospital grounds and his services were needed, such as in an emergency when nonresident workers could not get to the hospital. In the past, he had often been called for such extra duty, and even though the frequency of such calls had decreased during the time immediately preceding his accident, claimant nonetheless remained available for such service. Under these circumstances, the board could justifiably conclude that claimant should be compensated for his off-duty accident because his presence upon the hospital grounds was an actual benefit to the employer, and this result is not altered by the fact that claimant initially chose to live on the employer's premises for his own personal convenience (cf. *Matter of Broman v A. Brassard, Inc.,* 35 AD2d 142). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.