■ In the Matter of the Claim of THOMAS SMITH, Respondent, v CITY OF NEW YORK et al., Respondents, and NEIGHBORHOOD YOUTH CORP., Also Known as NEIGHBORHOOD YOUTH CORPS, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed July 18, 1974, August 6, 1976 and November 17, 1977, which reinstated and affirmed an award of compensation. In July of 1968 claimant sought admission to a work-study program for needy New York City youngsters operated jointly by the New York City Neighborhood Youth Corps (Youth Corps) and the Vermont Youth Project. The Youth Service Agency recruited young people for the program and arranged transportation to Vermont for the recruits. Upon his acceptance into the program, claimant was flown to Burlington, Vermont and placed in a dormitory at the University of Vermont. Claimant attended classes in shop and group reading for four hours a day at the university and participated in a program run by General Electric at its plant. General Electric paid the participants in its program $1.60 per hour. Claimant testified that, in addition to the money he received from General Electric, one Joseph Chappelle, an employee of the Youth Service Agency who was on leave to the Vermont Youth Project, gave him spending money. Claimant was injured early in the morning on August 5, 1968, while in his dormitory room, when he was struck in the eye by a dart thrown by another participant in the program. He filed a claim for compensation, which was contested. Ultimately the board determined that the City of New York, through its agencies, the Neighborhood Youth Corps and Youth Service Agency, and its carrier the State Insurance Fund, were liable since the accident arose

out of and in the course of employment. The State Insurance Fund contends on this appeal that there was no employer-employee relationship between claimant and the Neighborhood Youth Corps or the Youth Service Agency; that the Youth Service Agency was not covered by the fund's policy; that the accident did not arise out of and in the course of employment; and that New York State lacks jurisdiction to determine the claim. Initially, we reject the board's contention that the State Insurance Fund lacks standing to maintain this appeal on the theory that the two agencies on whose behalf the fund appeals are not legal entities. The fund has been held by the board to be liable and is, therefore, clearly a party in interest within the meaning of section 23 of the Workers' Compensation Law. Turning to the merits, the question of whether an employer-employee relationship exists is a factual matter *(Matter of Crayton v Riverhead Expo Corp.,* 65 AD2d 831) and, in resolving that question, the principal factors to be considered are the right to control, the method of payment, the right to discharge, and the so-called "relative nature of the work" test *(Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, mot for lv to app den 43 NY2d 648). No single factor, however, is conclusive *(Matter of Crayton v Riverhead Expo Corp., supra).* Here, as noted above, the work-study program was operated as a joint venture by the Youth Corps and the State of Vermont, and the Youth Service Agency acted as an agent for recruiting participants in the program and arranging their transportation to Vermont. In addition, the Youth Service Agency provided counselors, who took a leave of absence to work on the project, and there is evidence that while the Vermont Youth Project paid the counselors' salaries, there was partial reimbursement by the Youth Service Agency. Claimant and the other participants were supervised by the counselor for their group, and they were provided with room, board and transportation. Claimant testified that his counselor also provided him with spending money. Accordingly, while the relationship between claimant and the New York agencies was not typical of that of an employee and employer because the work-study program in which claimant participated was apparently intended to provide relief to needy, unemployed New York City youths (see 1B Larson, Workers' Compensation Law, § 47.32, p 8-159), we conclude that there was substantial evidence as to hiring, supervision and control, and payment of wages to sustain the board's determination. We also find substantial evidence in the record to support the board's finding that the accident arose out of and in the course of employment. Where residency is at a place provided by the employer and is required, an employee is entitled to compensation although the injury may have occurred during nonworking hours as the result of purely personal actions *(Matter of Feliciano v Woodlea Nursery,* 57 AD2d 979, 980). However, where the employee's residence in premises provided by the employer is purely permissive or solely for the employee's convenience, it is not a part of the employment *(Matter of Groff v Uzzilia,* 1 AD2d 273, 275, affd 2 NY2d 840). Here, claimant not only was required to reside at the dormitory, but his residence there was clearly an integral part of the work-study program. Accordingly, the board's determination must be sustained. Next, we reject the State Insurance Fund's contention that its policy issued to the Youth Corps did not cover the Youth Service Agency. The Youth Service Agency acted as the Youth Corps' agent in recruiting participants for the program, in arranging transportation for the recruits and in providing counselors for the program. Accordingly, as the Youth Corps' agent, the Youth Service Agency was covered by the policy. Finally, on the jurisdictional issue, since the employment contract was made in this State, and since claimant is a New York

resident and since New York City agencies have been found to be the employer, there are sufficient significant contacts between the employment and this State to satisfy the pragmatic test (see *Matter of Rayford v National Union of Hosp. & Nursing Home Employees,* 57 AD2d 975, 976), and there is no substantial evidence to overcome the presumption contained in subdivision 1 of section 21 of the Workers' Compensation Law that "the claim comes within the provision of this chapter". Decisions affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.