■ In the Matter of the Claim of ELAINE S. STACY, Respondent, v MATTHEW BENDER COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 19, 1981. Claimant seeks death benefits as the result of the death of her husband in an airplane crash in June, 1978. Decedent, a sales representative hired by the employer in April, 1974, was traveling from Tulsa, Oklahoma to Hot Springs, Arkansas, on behalf of his employer at the time of the fatal accident. The employer contends that the board lacks jurisdiction over the claim because decedent's employment was located outside New York. As this court explained in *Matter of Rayford v National Union of Hosp. & Nursing Home Employees* (57 AD2d 975, 976): "Though the Workmen's Compensation

actually lower than allowed in the rate ($263,000 less in 1979 and $270,000 less in 1980).

Law does not define its territorial scope, it does create a presumption that in the absence of substantial evidence to the contrary, 'the claim comes within the provisions of this chapter' (Workmen's Compensation Law, § 21, subd 1). While our courts recognize this presumption, there has also been articulated a pragmatic test based on the sufficiency of significant contacts between the employment and this State, with each case being determined on its own particular facts". The board ruled that it had jurisdiction of the instant claim on the basis of the following findings of fact, which are supported by substantial evidence in the record: The employer, in the business of publishing law books, has its principal office in Albany, New York, with editorial, marketing and international sales offices in New York City. Decedent was originally interviewed by the area sales manager in Tulsa, Oklahoma, but he was not hired until he was interviewed and approved by the marketing staff in the New York office. Decedent's sales territory encompassed the States of Oklahoma, Arkansas, Missouri and Kansas. Although decedent reported his sales to the area sales manager on a weekly basis, he was responsible for his own daily activities, except that the area sales manager informed decedent of his quotas, which were fixed by the New York office. All sales orders were sent directly to the Albany office, from which all shipments and billings originated. All commissions, bonuses and other compensation, as well as the reimbursement of expenses, came from the Albany office. Moreover, the benefit program for the entire company, including retirement, medical coverage, life insurance and long-term disability, was administered by the Albany office. The board determined that these factors constituted sufficient significant contacts with New York to justify its jurisdiction over the claim, and we see no basis for disturbing this determination (see *Matter of Rayford v National Union of Hosp. & Nursing Home Employees, supra; Matter of Kayaloylou v J & T Painting Co.*, 37 AD2d 889). In its argument, the employer emphasizes the significant contacts with other States, but the fact that another State has sufficient contact with the employment such that, applying our rule there, the other State would be able to take jurisdiction, does not preclude a finding of jurisdiction in New York (see *Matter of Rutledge v Kelly & Miller Bros. Circus*, (18 NY2d 464, 474). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.