■ MARY MATTALDI, Respondent, v BETH ISRAEL MEDICAL CENTER et al., Appellants. [746 NYS2d 258]

It is undisputed that, at the time of the attack on plaintiff, she was an employee of defendant hospital. In denying defendants' motion for summary judgment dismissing the complaint, the motion court found that this action is not barred by the Workers' Compensation Law because plaintiff was not in the course of her employment when she was attacked. However, the threshold question of whether plaintiff was in

the course of her employment at the time of the attack is a matter that must in the first instance be determined by the Workers' Compensation Board. As stated in *O'Rourke v Long* (41 NY2d 219, 228): "[W]here the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions" (*see also, Liss v Trans Auto Sys.*, 68 NY2d 15, 20-21; *Arvatz v Empire Mut. Ins. Co.*, 171 AD2d 262, 267).

Whether plaintiff has a valid tort claim for damages or is relegated to workers' compensation benefits is a factual determination for the Workers' Compensation Board and such body may not be circumvented by resort to the courts nor can a plaintiff elect to waive workers' compensation benefits and proceed on a tort cause of action (*Corp v State of New York*, 257 AD2d 742, 743).

Finally, since resolution of the workers' compensation issue will be determinative of plaintiff's standing to pursue this action in tort, resolution of the other branch of defendants' motion must await such determination. Concur—Andrias, J.P., Buckley, Rosenberger, Wallach and Gonzalez, JJ.