■ ANTONIO VALENZIANO, Respondent, v NIKI TRADING CORPORATION et al., Appellants, et al., Defendant. [801 NYS2d 36]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 1, 2004, which denied defendants-appellants' motion for summary judgment and dismissal of the complaint,

unanimously modified, on the law, the action stayed, and the matter remanded to the IAS court with the direction that it refer the case to the Workers' Compensation Board for determination as to whether plaintiff was an employee of G. Holdings Corp. on the date of his accident, with leave to renew the motion, if defendant is so advised, after determination by the Workers' Compensation Board, and otherwise affirmed, without costs.

Plaintiff was hired by G. Holdings* after he answered a newspaper advertisement soliciting skilled laborers. He testified at his deposition that his work for G. Holdings involved interior demolition, sheetrocking and renovation work at a commercial building at 214 West 39th Street. His supervisor was Todd Skrzeczkowsky, a G. Holdings employee. On the date of the accident, plaintiff had helped to demolish a suite of offices, including a glass cube wall. Having completed his work for the day, plaintiff removed his safety goggles and began to clean up debris in the work area. Skrzeczkowsky was also deposed, and testified that on the date of the accident, he went to plaintiff's work area to check on the progress of the demolition. He observed that plaintiff and a coworker had not completely removed the mortar from part of the glass wall. He testified that he said "just knock this out," demonstrating by picking up a hammer and striking the glass wall. Plaintiff did not hear Skrzeczkowsky speak, but when he heard a loud noise, he turned towards it. A piece of glass flew across the room, hitting plaintiff in the right eye and causing injuries. Plaintiff thereafter filed for workers' compensation benefits. A hearing before the Workers' Compensation Board (the Board) was scheduled for November 7, 2001. While plaintiff had retained an attorney to represent him before the Board, he did not appear for the scheduled hearing because he thought his claim was dismissed. Two G. Holdings representatives did appear. At their depositions in this action, both testified that G. Holdings intended to challenge plaintiff's status as an "employee" before the Board. However, the Board did not hear any testimony and it closed the case. Its decision states: "No testimony taken. No further action is planned by the Board at this time. Claimant did not appear to pursue the claim."

Plaintiff subsequently commenced this action. In its answer, G. Holdings raised the affirmative defense that plaintiff's claims were barred by the Workers' Compensation Law. G. Holdings then moved for summary judgment, arguing, among other things, that Workers' Compensation Law § 11 precluded the common-law action. In the order appealed, the court denied the

---

* This company was formerly known as Niki Trading Corporation, also named as a defendant in this action.

motion, finding that issues of fact as to whether plaintiff was an independent contractor or special employee of G. Holdings precluded summary dismissal. This was error.

Where an employee is injured in the course of employment, his exclusive remedy against his employer is ordinarily a claim for workers' compensation benefits (Workers' Compensation Law § 11). Primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law is vested in the Board, and the law is settled that when a plaintiff brings a common-law action against one who may be his "employer," it is "inappropriate for the courts to express views with respect thereto pending determination by the board" on the issue (*Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *see Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853 [1999]). Accordingly, we modify the order appealed and remand the matter to Supreme Court for referral to the Board to determine plaintiff's employment status and whether he is entitled to benefits (*Heifetz v Metropolitan Jewish Geriatric Ctr.*, 135 AD2d 498 [1987]). Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.