In the Matter of the Claim of MARY MATTALDI, Respondent, v BETH ISRAEL MEDICAL CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 808]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 3, 2004, which ruled, inter alia, that claimant did not sustain an accident arising out of and in the course of her employment.

In the early morning hours of March 25, 1996, claimant, a radiology associate employed by Beth Israel Medical Center, was sleeping in an X-ray room between shifts when she was raped by an assailant. Since claimant worked a shift that did not end until midnight and was scheduled for a 7:00 A.M. shift, she decided to get more sleep by staying at work rather than going home. As a result of the attack, claimant commenced a negligence action against Beth Israel. Asserting that claimant was in the course of her employment at the time of the rape, Beth Israel moved for summary judgment dismissing the action on the basis that it was barred by the Workers' Compensation Law. It was later determined by the First Department that "the threshold question of whether [claimant] was in the course of her employment at the time of the attack is a matter that must in the first instance be determined by the Workers' Compensa-

tion Board" (*Mattaldi v Beth Israel Med. Ctr.*, 297 AD2d 234, 234-235 [2002]). Thereafter, claimant filed a claim for workers' compensation benefits. The Workers' Compensation Board ruled that claimant did not suffer a compensable injury arising out of and in the course of her employment, prompting this appeal by Beth Israel and its workers' compensation carrier.

To be compensable under Workers' Compensation Law, the injury must both occur in the course of the employment and arise out of the employment (*see Matter of Rosen v First Manhattan Bank*, 202 AD2d 864, 864 [1994], *affd* 84 NY2d 856 [1994]). The issue of whether an employee was off duty at the time of an injury is a factual one; accordingly, where substantial evidence exists for the Board's determination, it will be affirmed by this Court (*see Matter of Munz v L. & J. Plumbing & Heating Co.*, 49 AD2d 977, 977 [1975]). Notably, in cases such as the instant one, "[a] sharp distinction must be drawn between the cases of employees who are required to live on the employer's premises, either by virtue of the contract of employment or by reason of the nature of the employment, and cases of employees who are merely permitted to reside on the premises for their own convenience but who are not required to do so" (*Matter of Groff v Uzzilia*, 1 AD2d 273, 275 [1956], *affd* 2 NY2d 840 [1957]; *see Matter of Chapman v Kiamesha Concord*, 15 AD2d 618, 618 [1961]; *Matter of Medina v Shore Rd. Hosp.*, 4 AD2d 974, 975 [1957]; *Matter of Briskin v Hyman*, 203 App Div 275, 278 [1922], *affd* 236 NY 522 [1923]).

Here, consistent with the second of the above scenarios, there is substantial evidence supporting the Board's finding that "claimant's sleeping on the employer's premises was permissive in nature, and benefitted only the claimant." At the workers' compensation hearing, Beth Israel's corporate director of radiology, Marc Katz, admitted that it was against hospital policy for employees to sleep on the premises between shifts. He indicated that the employee handbook prohibited sleeping on hospital grounds and required all employees to leave the premises 15 minutes after their shifts concluded. Claimant testified, however, that she had been told by a manager that, although it was not permitted for employees to sleep between shifts, any employees that did so would have to make sure they cleaned up the room afterwards. It is apparent from the testimony that, to the extent hospital management was aware that employees sometimes slept in the X-ray rooms between shifts, it was viewed only as an accommodation to the employees and was not a job requirement.

Furthermore, the fact that claimant stated that, hypotheti-

cally, a sleeping employee would be available to assist in the case of an emergency does not establish that the employees were being allowed to stay at the hospital overnight in anticipation that they would be able to assist in some capacity during those off-duty hours (*see e.g. Matter of Leak v Rockland State School*, 65 AD2d 834 [1978]; *Matter of Broman v A. Brassard, Inc.*, 35 AD2d 142, 144 [1970]; *Matter of Carl v West Hill Sanitarium*, 15 AD2d 703 [1962]). To the contrary, claimant indicated that she was never asked to assist in an emergency when she slept in the X-ray rooms and, in any event, the record does not contain proof that staying at the hospital between shifts was a condition of employment. Under the circumstances, we find substantial evidence supporting the Board's determination.

We have examined the remaining arguments of Beth Israel and its carrier and find them lacking in merit.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.