■ MARIA A. SEDITA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and METROPOLITAN TRANSPORTATION AUTHORITY, Defendant. [843 NYS2d 413]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 29, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant New York City Transit Authority (hereinafter the Transit Authority) failed to offer proof in admissible form sufficient to establish its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]). In particular, the Transit Authority failed to establish that the decedent's injury occurred in the course of, and arose from, his employment with the Transit Authority such that the exclusive remedy of Workers' Compensation Law §§ 10 and 11 barred this action (*see Matter of Koerner v Orangetown Police*

*Dept.*, 68 NY2d 974, 974-975 [1986]; *Matter of Mattaldi v Beth Israel Med. Ctr.*, 29 AD3d 1192 [2006]; *Matter of Torio v Fisher Body Div.-General Motors Corp.*, 119 AD2d 955, 956 [1986]). Given the Transit Authority's failure to meet its burden, denial of the motion was required without consideration of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 851; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Mariaca-Olmos v Mizrhy*, 226 AD2d at 438).

We decline the request of the Metropolitan Transportation Authority (hereinafter the MTA), a nonappealing defendant, to search the record and award summary judgment in favor of it. We may not do so because the issue on which the MTA asks that we search the record—ownership and control of the yards where the decedent was killed—is not before us on the Transit Authority's appeal, which raises only the workers' compensation issue (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Crane, J.P., Florio, Lifson and Carni, JJ., concur.