■ Charito Nepomuceno, Respondent, v City of New York et al., Defendants, and Beth Israel Medical Center, Appellant, [941 NYS2d 593]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about February 19, 2011, which denied defendant hospital's (defendant) motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the order vacated, and the matter remanded to Supreme Court for further proceedings consistent herewith.

Plaintiff, a registered nurse employed by defendant, alleges that she was injured when she slipped on a piece of fruit that had fallen behind a fruit stand on the sidewalk abutting the hospital. Plaintiff testified that, at the time of the accident, she was on her way to start her morning shift, but had first gone to the fruit stand to buy some fruit.

In denying defendant's motion for summary judgment, the motion court relied on the "dual capacity" doctrine, which has been rejected by the Court of Appeals (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 159-160 [1980]), and found

that this action was not barred by the Workers' Compensation Law. However, where, as here, "the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law," the matter must, in the first instance, be determined by the Workers' Compensation Board (*Liss v Trans Auto Sys.*, 68 NY2d 15, 20-21 [1986], quoting *O'Rourke v Long*, 41 NY2d 219, 228 [1976]; *see also Valenziano v Niki Trading Corp.*, 21 AD3d 818 [2005]). Accordingly, instead of resolving the motion, the motion court should have referred the matter to the Board for a hearing and determination as to the availability of workers' compensation (*see Liss*, 68 NY2d at 21; *Valenziano*, 21 AD3d at 818; *Mattaldi v Beth Israel Med. Ctr.*, 297 AD2d 234 [2002]). The motion court may stay the matter pending resolution by the Workers' Compensation Board. Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.