Matter of Deleon v Elghanayan (2018 NY Slip Op 01972)





Matter of Deleon v Elghanayan


2018 NY Slip Op 01972


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525009

[*1]In the Matter of the Claim of ANA ELSA DELEON, Respondent,
v
FREDERICK ELGHANAYAN et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellants.
Aronova and Associates, LLC, Garden City (Marjorie Richemard of counsel), for Ana Elsa Deleon, respondent.
Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a decision and an amended decision of the Workers' Compensation Board, filed August 4, 2016 and August 30, 2016, which ruled, among other things, that claimant's injuries arose out of and in the course of her employment, and awarded her

workers' compensation benefits.
Claimant was employed as a housekeeper for Frederick Elghanayan and Diana Elghanayan (hereinafter collectively referred to as the employer) and worked at their private residences located in Manhattan and the Hamptons. On August 15, 2014, claimant arrived at the Hamptons residence for the purpose of working a party to be held there the following evening. She stayed overnight in an upstairs bedroom and, when she went to use the bathroom early the next morning, she fell down the stairs and sustained multiple injuries. She filed a claim for workers' compensation benefits as a result. The employer did not maintain workers' compensation coverage and controverted the claim. Following various hearings, a Workers' [*2]Compensation Law Judge, among other things, established the claim for injuries sustained by claimant. The employer filed an application for review asserting, among other things, that claimant's injuries were not the result of an accident arising out of and in the course of employment. The Workers' Compensation Board disagreed and upheld the award of benefits. This appeal by the employer ensued.
Initially, it is well-settled that, in order to be compensable, a claimant's injuries must arise out of and in the course of his or her employment (see Workers' Compensation Law § 10 [1]; Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377 [2016]). This is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence (see Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1071 [2017]; Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d at 1377).
It is undisputed that claimant worked for the employer for a number of years, primarily at the Manhattan residence, but occasionally at the Hamptons residence in the summer to assist with entertaining. Although claimant had her own residence in Queens where she stayed during the week when she was not working at the Manhattan residence, she customarily stayed overnight at the Hamptons residence when she worked there on weekends. Claimant was scheduled to help with a party at the Hamptons residence on Saturday, August 16, 2014 and arrived by train on the morning of the day before. After the employer retrieved her from the train station, claimant performed some housekeeping duties until around 5:00 p.m. before later going to bed. According to claimant, she did not have set working hours as she did when she worked at the Manhattan residence, but was expected to be available when needed. This clearly included assisting with preparations for the party that was scheduled the next day.
Given the nature of claimant's work assignment and the benefit conferred upon the employer by her continued availability, the Board could reasonably conclude that her injuries arose out of and in the course of her employment (see Matter of Leak v Rockland State School, 65 AD2d 834 [1978]; compare Matter of Mattaldi v Beth Israel Med. Ctr., 29 AD3d 1192, 1193 [2006]). The fact that the injuries occurred while on a bathroom break following an extended period of sleep does not establish an interruption of employment under the circumstances presented (see Matter of Potter v VM Paolozzi Imports, Inc., 91 AD3d 1016, 1017 [2012]). Therefore, we find that substantial evidence supports the Board's decision and we decline to disturb it.
McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision and amended decision are affirmed, without costs.