Appeal by an employer and its insurance carrier from a decision and award of the Workmen’s Compensation Board which allowed claimant compensation for 7½% loss of use of the left hand, less 25% of the left ring finger, and for 32½% of the loss of use of the right hand. Claimant was employed by the Schaefer Brewery Company in 1939 and continued in its employ ever since. The board has found that claimant suffered an occupational disease known as Depuytren’s contracture, and fixed the date of disablement as of May 3, 1951. In 1941 claimant suffered an accident when a barrel fell on his left hand. There is some evidence that on the claim arising from this accident Depuytren’s contracture then existed but the award was for a schedule loss of use of one quarter of the left ring finger, and the ease was closed. In 1951 claimant filed a claim for schedule loss resulting from Depuytren’s contracture as an occupational disease. At the first hearing of this claim the carrier objected to an award on the basis that the disability was contracted more than 12 months prior to the claim date of disablement which was May 3, 1951, and hence was barred under section 40 of the Workmen’s Compensation Law. The referee sustained the carrier’s objection and disallowed the claim with the suggestion that the claimant attempt to reopen the earlier accident ease. This was clearly error for claimant had been eon- *901 tinuously employed by the same employer since 1939 and therefore the 12-month period would not apply accordingly to the specific language of the statute. Claimant applied to reopen the earlier accident ease based upon a medical report that the defects in claimant’s hands were due to his occupation. The referee denied this claim on the ground that no loss could be found due to the 1941 injury, and reopened the occupational disease claim. Further proof was then taken as to the latter claim. The medical testimony in support of the claim is somewhat equivocal but we think the board was acting within its power in disregarding some of the equivocal aspects of the testimony and accepting the report of Dr. Graubard given on May 3, 1951 in which he found disability in both hands due to claimant’s occupation. Award affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.