■ In the Matter of DOROTHY M. BIANCA, Appellant, v LAWLER AUTOMATIC CONTROLS, Respondent, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 21, 1977. Claimant sustained a ruptured disc on September 18, 1952, while pushing a desk at her place of employment. Claimant received an award for two and four-fifths weeks temporary disability for back sprain, totaling $89.60. The last payment for compensation was made in 1953, and the case was closed in October, 1953. The case was reopened in September, 1965, and a back brace was authorized. The case was again closed. Claimant was thereafter hospitalized on July 12, 1967, and discharged on August 3, 1967. A C-4 medical report was filed on August 22, 1967, stating that the reason for the request to reopen was to pay outstanding doctor and medical bills. Claimant was now working for a different employer who paid her wages during her disability. The case was again reopened by order dated December 3, 1970. A hearing was scheduled for April 13, 1971, for further consideration of the order of restoral dated December 3, 1970, and Special Fund was directed to investigate hospitalization and produce its report. The notice stated that claimant need not be present. On May 19, 1971, the board authorized payment of hospital charges, and closed the case pending change in condition. The case was again reopened on March 23, 1973 for consideration of further medical and surgical benefits based upon a medical report dated January 11, 1973. Claimant was at that time hospitalized for breast surgery, and did not see the notice until she was discharged and advised the board. In the meantime, the board had authorized treatment and back brace, and closed the case on prior findings and awards, stating section 123 of the Workers' Compensation Law was applicable. On March 28, 1973, the board, by letter, advised claimant that her notice of nonappearance had been received, and that an award in her favor had been sent on March 27, 1973 under section 123, and there would, therefore, be no need for another hearing. On September 11, 1975, claimant, represented by counsel for the first time, requested the case to be reopened for authorization for hospitalization and surgery, and for compensation disability upon the contention

that section 123 did not apply. On September 29, 1975, the review bureau was notified that the original file had been destroyed on June 15, 1973. On October 28, 1975, the case was reopened solely for the purpose of conducting a hearing on the issue of entitlement to further medical benefits on the ground that the injury had occurred more than 18 years prior, and no compensation had been paid in the past eight years. Several hearings were thereafter held. After a hearing, the board, on April 21, 1977, determined that the request to reopen the case, dated September 16, 1975, was more than 18 years from the date of the accident, and more than eight years after the date of the last payment of compensation, and that section 123 of the Workers' Compensation Law was applicable. The case was closed. On October 26, 1977, the board amended the decision of April 21, 1977, to insert a finding that surgery was not indicated and to deny the request for hospitalization and surgery. Claimant contends that the board's decision of May 19, 1971 was clearly erroneous in awarding only payment of hospital expenses, and in failing to award compensation on the erroneous assumption that the lost time was not compensable because claimant received her wages from her then employer. Claimant further contends that it is within the board's power to amend the May 19, 1971 decision to correct the error in not awarding compensation, and that the board's failure to correct this error upon claimant's application is unreasonable and arbitrary in view of the fact that she was not represented by counsel in 1971, and had been advised not to attend the hearing. Section 123 of the Workers' Compensation Law provides that the "power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions, or orders relating thereto, as in its opinion may be just", and further provides that an award of compensation shall not be made against the Special Fund or against an employer or an insurance carrier "where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation." While the board may have erred in not awarding compensation in its decision of May 19, 1971, no appeal was taken by the claimant, and the case was closed (*Matter of Tower v Staten Is. Shipbuilding Co.,* 275 App Div 972, mot for lv to app den 300 NY 764). A further application was, therefore, necessary by the claimant to reopen and none was made within the time periods specified in section 123. The board, therefore, properly determined that section 123 of the Workers' Compensation Law was applicable (*Matter of McCulla v Alco Prods.,* 5 AD2d 898). Decision affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.