Bubke, J.
George Nashko died as a result of injuries sustained in New Jersey while in the course of his employment for an employer whose business was conducted from New York. An award in workmen’s compensation was successfully challenged in the Appellate Division on the ground that the deceased’s work at the time of his injury was confined to a fixed place in another State and that consequently the New York board was without jurisdiction. The question to be determined is whether the board’s finding that the employment was located in New York was justified by the evidence.
There is no fixed, invariable touchstone by which the presence or absence of jurisdiction in cases like the present one may be determined. The Workmen’s Compensation Law contains no explicit definition of its territorial scope and this court has not attempted to fix a single inflexible and conclusive standard for all cases (see Matter of Cameron v. Ellis Constr. Co., 252 N. Y. 394, 398). What has developed is an approach *201 whereby certain factors tending to show substantial connection '• with this State are looked for in the factual patterns of each individual case. If sufficient significant contacts with this State""1 appear so that it can reasonably be said that the employment ; is located here, then the Workmen’s Compensation Board hasJ jurisdiction. (Matter of Cameron v. Ellis Constr. Co., supra, p. 397; see, also, Cardillo v. Liberty Mut. Co., 330 U. S. 469, 476.) If on the other hand the circumstances and elements of the employment are such as to indicate that the employment is in fact located in another State then the claimant is not protected by our statute. But at all times the determination as to the employment’s location is governed by the facts of the particular case.
That this is indeed the proper approach and that the fact of geographical mobility or immobility of the extraterritorial work out of which the accident arose is not the sole governing criterion is attested to by the fact that the very case which has been relied upon as establishing an arbitrary rule itself deprecates such an approach and calls for flexibility. Thus the opinion in the Cameron case cited by the majority below, after stating that the central test of jurisdiction is the place where the employment is located goes on to say that “ Determination of that question may at times depend upon the relative weight to be given under all the circumstances to opposing considerations. The facts in each case, rather than juristic concepts, will govern such determination.” (Matter of Ellis v. Cameron Constr. Co., supra, pp. 397-398.) Undeniably the prominent factual element in the Cameron case was the fact that the employment there was confined to ‘ ‘ work at a fixed place or places outside the State ” but it is just as clear that this consideration was not intended to serve as the only measure of jurisdiction for all future cases. To quote again from the opinion in the Cameron case “ Such illustrations may indicate the manner in which the test should be applied; we do not now attempt a more definite classification intended to cover all the varying circumstances that may enter into the question in other cases.” (See Matter of Roth v. Horn, 287 N. Y. 545.)
In short when determining the presence or absence of jurisdiction the appropriate test requires a determination as to the location of the employment. The fact that work is *202 performed outside the State in a relatively restricted geographical location is a significant consideration and under some circumstances may prove decisive (see, e.g., Matter of Cradduck v. Hallen Co., 304 N. Y. 240). Other circumstances, however, are important and should be considered. Among these factors which may go to make up a New York State employment are a hiring in New York, control of employment from an office located in New York, payment of out-of-State expenses by the employer and an understanding that the employee is to return to New York after out-of-State assignments (see Matter of Klein v. Stoller & Cook Co., 220 N. Y. 670; Matter of Hawco v. Neill Constructors, 275 App. Div. 878, motion for leave to appeal denied 300 N. Y. 761; Matter of Vatouios v. Markakis, 273 App. Div. 832, affd. 298 N. Y. 733). The facts that the employee is a resident (Matter of Post v. Burger & Gohlke, 216 N. Y. 544; see, also, Cardillo v. Liberty Mut. Co., 330 U. S. 469, 476) and that compensation insurance was procured here (see Matter of Hawco v. Neill Constructors, supra) are also pertinent.
Considering the facts of the instant case with particular reference to the presence or absence of the significant jurisdictional elements mentioned above and to the statutory presumption that the claim comes within the provisions of the statute (Workmen’s Compensation Law, § 21; Matter of Post v. Burger & Gohlke, supra), we conclude that the board’s exercise of jurisdiction should be upheld.
There is no question that decedent was a resident and that his employment was controlled and directed from New York by an employer located here. Although Nashko’s employer had formed two corporations, one in New York and another in New Jersey, it is clear that the New Jersey corporation was a purely nominal one used to comply with certain New Jersey laws. All the stock of both corporations was owned by a single individual who received all profits and was the final authority on any job carried on under the name of either corporation. The business was' operated solely from the same and only office in New York City where the entire staff of the company, consisting of two girls and a superviser, worked. Nashko was hired as a steam cleaner by this New York employer sometime in 1945. Between that time and the time of the accident he *203 liad worked at a number of jobs in this State. Beside rendering services here he was on several occasions sent to work on projects outside the State. Between assignments and when there was no work for decedent he was laid off without pay, but not discharged. When additional work again required his services he was recalled. There were no new hirings for each assignment. In May of 1950 when decedent was sent to New Jersey he was sent as a New York employee. Due to a union regulation half of the employees on that job were required to be local workers. To comply, Nashko’s employer sent 15 or 20 men from New York and hired a like number from New Jersey. Decedent was included among the New York complement. All the New York employees including Nashko received $35 a week for boarding expenses while working outside the State and the compensation insurance policy which covered them had been procured in New York.
It cannot be said as a matter of law that this employment was so unrelated to and remote from our State that it was not intended to receive the benefit of our workmen’s compensation act. There was sufficient evidence to warrant the board’s finding and it should be upheld.
The order of the Appellate Division should be reversed and the award of the Workmen’s Compensation Board reinstated, with costs iti. this court and in the Appellate Division.
Chief Judge Conway and Judges Desmond, Dye, Fuld and Froessel concur with Judge Burke ; Judge Van Voorhis dissents and votes to affirm.
Order reversed.