Memorandum.
During claimant’s 22-year New York employment with the same employer he was continuously exposed to harmful noise. After leaving his New York position he engaged immediately upon similar work under similar conditions in New Jersey. Although there was no six months’ hiatus in exposure to harmful noise as required by section 49-bb of the Workmen’s Compensation Law, claimant nevertheless sought compensation for his occupational hearing loss occasioned while employed in New York. The Workmen’s Compensation Board allowed the claim and made a schedule award against the New York employer’s carrier. To achieve this result, the phrase the “last employer” (Workmen’s Compensation Law, § 49-bb) was determined to mean the last employer subject to the jurisdiction of the New York State Workmen’s Compensation Board. The close question of statutory interpretation presented is resolved by looking to all of article 3-A of the Workmen’s Compensation Law in which the words “last employer” appear seven times. In several of these instances the words necessarily imply the last employer over whom the board had jurisdiction (cf. Matter of Hamilton v. Healy Co., 14 A D 2d 364). There is insufficient basis for reading the same phrase one way in one section and contrarily in another. Accordingly, the order of the Appellate Division confirming the award of the Workmen’s Compensation Board should be affirmed, with costs.