■    ANDRES GONZALEZ, Respondent, v. QUEENSBORO LEASING, INC., Appellant, et al., Defendant.— Order, Supreme Court, Bronx County, entered on October 15, 1971, granting plaintiff's motion to strike an affirmative defense, unanimously reversed, on the law, and the motion denied. Appellant shall recover of respondent $50 costs and disbursements of this appeal. Plaintiff could have a right to New York workmen's compensation even though he may have had a right to Connecticut compensation. (*Matter of Rutledge* v. *Kelly & Miller Bros.*, 18 N Y 2d 464; *Matter of Linton* v. *North Amer. Van Lines*, 26 A D 2d 101.) There are indications that the plaintiff resides here, was injured here and treated and hospitalized here. Even if workmen's compensation has already been received by plaintiff from Connecticut, and earmarked as such, this would not necessarily prevent plaintiff from getting additional compensation in New York. (See *Matter of Bach* v. *Hampden Sales Assn.*, 266 App. Div. 645, affd. 293 N. Y. 847.) If it be established that plaintiff has the right to compensation in New York, his remedy as an employee would be exclusive. (New York Workmen's Compensation Law, § 29, subd. 6.) At the present stage of the proceedings, the defense that workmen's compensation is plaintiff's exclusive remedy should not have been stricken. Concur — McGivern, J. P., Markewich, Kupferman, Murphy and Tilzer, JJ.