■ In the Matter of the Claim of JAMES McKEE JR., Respondent, v ARMSTRONG CONTRACTING & SUPPLY COMPANY et al., Appellants, and FELLMAC CORPORATION et al., Respondents. SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 28, 1976. Claimant, a New York resident who had been an asbestos worker for 30 years, became totally disabled because of lung disease in October, 1972 and thereafter filed claims against several former employers for benefits. The referee established a case for occupational disease, asbestosis, and classified claimant as having a permanent total disability. The board found that Armstrong Contracting & Supply Company (Armstrong) was the last employer subject to the jurisdiction of the New York State Compensation Board and the last employer within the meaning of section 44-a of the Workers' Compensation Law. This appeal ensued. Armstrong, a New York corporation, employed the claimant in 1969 wherein "there was a possible 528 hours of harmful exposure to asbestos". Armstrong alleges that claimant was employed by a subsequent employer, Insulation Services, from June to November, 1970 and that the working conditions in that employment produced an injurious exposure. Armstrong argues that Insulation Services is liable for the payments required for claimant's disability. The only issue before this court is whether Armstrong or Insulation Services was the last employer within the meaning of the statute in question (Workers' Compensation Law, § 44-a): "The employer in whose employment an employee was last exposed to an injurious dust hazard shall be liable for the payments * * * when disability or death of the employee shall be due to silicosis or other dust disease." The employer in whose employment an employee was last exposed refers to the last employer over whom the board has jurisdiction (Matter of Russell v Union Forging Co., 24 NY2d 763). It is conceded by the parties hereto that Insulation Services employed the claimant subsequent to his employment by Armstrong. Thus, the question before this court is whether Insulation Services was the last employer over whom the board has jurisdiction. The Court of Appeals has held that the test to be applied by the board in

determining the question of jurisdiction was a determination of the location of the employment and, in so deciding, stated: "If sufficient significant contacts with this State appear so that it can reasonably be said that the employment is located here, then the Workers' Compensation Board has jurisdiction. *(Matter of Cameron v. Ellis Constr. Co., supra,* p. 397; see, also, *Cardillo v. Liberty Mut. Co.,* 330 U. S. 469, 476.)* If on the other hand the circumstances and elements of the employment are such as to indicate that the employment is in fact located in another State then the claimant is not protected by our statute. But at all times the determination as to the employment's location is governed by the facts of the particular case." *(Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d 199, 201.)* Applying the *Nashko* test, we find that there is substantial evidence to support the board's determination that Armstrong and not Insulation Services was the last employer under the jurisdiction of the Workers' Compensation Board. Claimant, a New York resident, was hired by Insulation Services, Inc., an Oklahoma corporation, to do work in Bradford, Pennsylvania, which is the only site where the claimant ever worked for Insulation Services. Insulation Services never conducted any business in New York and did not come to New York for the purpose of hiring the claimant or others. The claimant was paid at the job site by checks sent directly from Oklahoma to him in Pennsylvania. The only connection of substance with Insulation Services in New York was that the employer hired claimant to work in Pennsylvania by contacting the claimant's union. The union had its office in Buffalo, New York, and controlled an area which included Bradford, Pennsylvania. Claimant was working at a fixed geographic area outside the State of New York and was neither hired in New York nor scheduled to return to New York for other work by Insulation Services. The fact that the claimant was employed through a union whose offices were in New York is not "sufficient significant contract within the State" and, therefore, Insulation Services cannot be cast in liability under the Workers' Compensation Law *(Matter of Nashko v Standard Water Proofing Co., supra).* Decision affirmed, with costs to respondents filing briefs. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.