◼ In the Matter of the Claim of CHARLES HARTHAM, Respondent, v GEORGE A. FULLER Co. et al., Appellants. INDUSTRIAL INDEMNITY INSURANCE COMPANY,

Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 27, 1981. Claimant, a mechanical engineer residing in Texas, was hired by George A. Fuller Company in March, 1978 for a six-month period to supervise the mechanical engineering aspects of the construction of a medical facility in Dhahran, Saudi Arabia. On April 4, 1978, shortly after claimant arrived in Saudi Arabia, his left eye was seriously injured while he was showering in the employees' compound in Dhahran. He returned to the United States and filed a claim for New York State workers' compensation benefits. The carriers, St. Paul Mercury Insurance Company (St. Paul) and Industrial Indemnity Insurance Company, both contested the claim on the grounds, *inter alia,* that the Workers' Compensation Board lacked jurisdiction and that neither carrier provided insurance coverage. The board found that it had jurisdiction over the claim and that St. Paul was the responsible insurer, and this appeal followed. Whether the board has jurisdiction over a claim depends upon whether a claimant's employment is found to have sufficient significant contacts with New York reasonably to say that the employment is located there, and is determined in each instance by the facts of the particular case (*Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d 199; *Matter of Stacy v Matthew Bender Co.,* 86 AD2d 913; *Matter of Rayford v National Union of Hosp. & Nursing Home Employees,* 57 AD2d 975). In this case, numerous significant factors support a finding of New York employment, despite the fact that claimant was working in Saudi Arabia when he was injured. Claimant was hired in New York by a company whose corporate offices are located in New York. Although he was first interviewed in Texas, claimant was not hired until he had been interviewed and had a physical examination in New York, and he signed the employment contract in New York. The employer carried claimant on its New York payroll and paid his salary with checks drawn on a New York bank. The employer also paid all of claimant's travel expenses to and from Saudi Arabia and provided claimant with voluntary New York State workers' compensation coverage. Furthermore, claimant reported to the New York office, either directly as mechanical engineering supervisor or through his immediate supervisor, for instructions regarding on-site construction problems. These factors constitute sufficient significant contacts with New York to justify the board's finding of jurisdiction over the claim (see *Matter of Nashko v Standard Water Proofing Co., supra; Matter of Stacy v Matthew Bender Co., supra*), and this determination should be upheld. St. Paul also mistakenly contends that the board lacks jurisdiction because claimant's employment contract provides that "[a]ny litigation arising out of this Agreement shall be brought in Supreme Court, New York County". Where the availability of workers' compensation depends, as here, upon questions of fact or mixed questions of fact and law, a claimant may not choose the courts as the forum for resolution of these issues, but must use the Workers' Compensation Board, where the Legislature has placed the responsibility for these determinations (*O'Rourke v Long,* 41 NY2d 219, 228). Finally, St. Paul's contention that if New York is found to be the location of employment, it is not the insurer on the risk, also lacks any merit. St. Paul's potential liability is based on the actual site of the accident, and its policy with the employer expressly provides for voluntary New York State benefits covering "[a]ll usual workplaces of the insured * * * Worldwide, excluding the United States of America, Puerto Rico, Canada, Cuba, North Korea and Vietnam." Since the injury at issue here occurred in Saudi Arabia, a country not excluded from coverage under the policy, the board's finding that St. Paul was the carrier on the risk should be upheld. Decision affirmed, with costs to respondents filing briefs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.