■ In the Matter of the Claim of MARY LUPOLI, Appellant, v SERVE-QUEEN, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 1985, which ruled that claimant's decedent was an out-of-State employee and therefore denied her claim for benefits.

Claimant appeals from a decision of the Workers' Compensation Board which denied her claim for benefits on the ground that it did not have subject matter jurisdiction over the claim.

In September 1970, Angelo Lupoli formed a closely held New York corporation with two other individuals. Subsequently, they decided to move their operation to Florida. They formed another corporation for the purpose of purchasing property in Florida, commenced construction of a new plant on the property and planned to begin operations in Florida on August 15, 1977. Lupoli agreed to move to Florida with his family on August 4, 1977 to oversee construction of the plant.

Meanwhile, the other two members were winding up operations at the New York location. They transferred equipment to Florida in early August 1977 and ceased operations by the end of the month. They canceled their workers' compensation insurance policy effective August 27, 1977. The Florida corporation purchased a workers' compensation insurance policy effective August 15, 1977 and opened a bank account in

Florida. On August 19, 1977, while unloading heavy materials from a truck at the construction site in Florida, Lupoli experienced chest pain. He died later that day of a heart attack.

Claimant, decedent's widow, filed a workers' compensation claim in Florida which was eventually settled for $28,000. She also filed a claim for death benefits with the Workers' Compensation Board in New York. The Board denied the claim, finding insufficient contacts with New York to support jurisdiction.

The analysis to be applied in determining whether the Board has jurisdiction over a claim has been set forth by the Court of Appeals. "There is no fixed, invariable touchstone by which the presence or absence of jurisdiction in cases like the present one may be determined. The [Workers'] Compensation Law contains no explicit definition of its territorial scope and this court has not attempted to fix a single inflexible and conclusive standard for all cases * * * What has developed is an approach whereby certain factors tending to show substantial connection with this State are looked for in the factual patterns of each individual case. If sufficient significant contacts with this State appear so that it can reasonably be said that the employment is located here, then the [Workers'] Compensation Board has jurisdiction * * * If on the other hand the circumstances and elements of the employment are such as to indicate that the employment is in fact located in another State then the claimant is not protected by our statute" *(Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d 199, 200-201 [citations omitted]). Thus, the question of jurisdiction over a claim arising outside the State must be decided on a case-by-case basis, with consideration given to such factors as whether the employee was hired in New York, whether the employment was controlled from an office located in New York, whether the employer paid the employee's out-of-State expenses with an understanding that the employee would eventually return to New York, whether the employee is a New York resident and whether compensation was procured in New York *(supra,* at 202). Such a determination is, thus, a mixed question of fact and law *(see, Matter of Linton v North Am. Van Lines,* 26 AD2d 101) and the Board's decision, if supported by substantial evidence, may not be disturbed *(see, Matter of Johnson v Moog, Inc.,* 114 AD2d 538, 539-540).

Here, Lupoli moved to Florida with no intention of returning to New York. Further, the facts support an inference that the business had effectively moved to Florida prior to Lupoli's death. The operations remaining in New York consisted of winding up and dissolving the New York corporation. Upon

review of record, the Board's decision is supported by substantial evidence and must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.