■ In the Matter of the Claim of Andre Williams, Respondent, v Roadkill, Inc., Appellant. Workers' Compensation Board, Respondent. [716 NYS2d 478] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed September 13, 1999, which ruled that the Workers' Compensation Board possessed jurisdiction over claimant's application for benefits.

Claimant, a professional musician who resides in New York, was performing at a concert arranged by the employer in San Francisco, California, when he tripped on the stage and injured his right leg. He thereafter filed a claim for workers' compensation benefits in New York and the employer, which has its principal offices in Michigan, contested the claim contending that the Workers' Compensation Board lacked subject matter jurisdiction. Following a hearing, the Board ruled that a sufficient nexus existed between claimant's employment and this State to justify the exercise of jurisdiction by the Board. The employer appeals.

We affirm. Whether the Board has subject matter jurisdiction over a claim arising from an injury occurring outside of

New York is a question to be determined based upon a review of the particular facts of each case and after consideration of several factors, including the place of the employee's residence, the location of the employer's offices, the place of hiring and the payment of the employee's out-of-state expenses (*see, Matter of Lupoli v Serve-Queen, Inc.*, 130 AD2d 844, 845; *Matter of Hartham v Fuller Co.*, 89 AD2d 720, 721). If upon examining the relevant factors it appears that the claimant's employment had sufficient significant contacts with New York such that it may reasonably be concluded that the employment was located here, then subject matter jurisdiction exists (*see, Matter of Nashko v Standard Water Proofing Co.*, 4 NY2d 199).

Here, although the place of claimant's injury and the location of the employer's offices were both outside New York, the record reveals that the employer contacted claimant—a New York resident—in this State to negotiate, schedule and arrange future performances, required claimant to attend regular rehearsals with its band at a specified location in New York, and paid claimant's room, board and travel expenses from his New York residence to the rehearsal site and to tour locations inside and outside the State. These circumstances provide substantial evidence to support the Board's decision that sufficient significant contacts existed with New York to justify the exercise of its jurisdiction (*see, id.*, at 202-203; *Matter of Lupoli v Serve-Queen, Inc., supra*, at 845-846; *Matter of Hartham v Fuller Co., supra*, at 721). The fact that—applying our State's jurisdictional standards—other states may also have sufficient contacts with claimant's employment to confer jurisdiction over the claim does not preclude a finding of jurisdiction in New York (*see, Matter of Stacy v Matthew Bender Co.*, 86 AD2d 913, 914; *see also, Matter of Rutledge v Kelly & Miller Bros. Circus*, 18 NY2d 464, 474-475).

Finally, the employer's arguments relating to Workers' Compensation Law § 21 are misplaced inasmuch as the Board did not rely on that statutory presumption in rendering its decision (*see, Matter of Tompkins v Sunrise Heating Fuels*, 271 AD2d 888; *Matter of Gordon v Paul*, 233 AD2d 798; *see also, Matter of Geed v Sullivan County Sheriff's Dept.*, 266 AD2d 594, 595).

Crew III, J. P., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with one bill of costs.