■ In the Matter of the Claim of CLARENCE A. EDICK, Respondent, v TRANSCONTINENTAL REFRIGERATED LINES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [752 NYS2d 153] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 9, 2001, which ruled, inter alia, that New York has jurisdiction over this case.

Claimant, a resident of New York employed as a long distance driver, injured his lower back on February 18, 1993 while making a delivery in the Town of Waterford, Saratoga County, for his employer, Transcontinental Refrigerated Lines, Inc. (hereinafter TRL). TRL is a Pennsylvania common carrier which operates throughout the United States with main offices located in Pennsylvania (see Matter of Transcontinental Refrigerated Lines v Workers' Compensation Bd., 269 AD2d 714). Claimant received workers' compensation benefits from Pennsylvania until April 5, 1993, when he returned to work. He eventually ceased working for TRL in August 1994, and underwent spinal surgeries in New York between 1995 and 1997. Claimant filed a claim for workers' compensation benefits in New York on January 5, 1995 and, about one year later, filed a petition, later voluntarily withdrawn, to reinstate benefits in Pennsylvania.

Following a hearing, the Workers' Compensation Law Judge closed the case, determining that while there were sufficient contacts with New York to sustain jurisdiction over this claim, jurisdiction was otherwise lacking in New York due to claimant's receipt of benefits in Pennsylvania in 1993. On review, the Workers' Compensation Board reversed, finding New York had jurisdiction. TRL and its workers' compensation carrier appeal.

We affirm, finding substantial evidence to support the Board's decision that "claimant's employment had sufficient significant contacts with New York such that it may reasonably be concluded that the employment was located here * * *

to justify the exercise of [New York's] jurisdiction" (*Matter of Williams v Roadkill, Inc.*, 277 AD2d 764, 765, *lv dismissed* 96 NY2d 824; *see Matter of Nashko v Standard Water Proofing Co.*, 4 NY2d 199, 202-203). Claimant resided in New York, he held a required commercial driver's license from New York and his accident took place here while he was delivering merchandise for his employer to a New York customer; he demonstrated that a substantial portion of his driving for TRL occurred in this state and, indeed, TRL regularly conducted business in this state and had two terminal "drop yards" here where claimant received work assignments and papers. While TRL's base of operations was Pennsylvania, it recruited claimant in New York which, combined with the other facts, constitute significant contacts with New York so as to support the conclusion that claimant's employment was located here and subject matter jurisdiction exists (*see Matter of Rutledge v Kelly & Miller Bros. Circus*, 18 NY2d 464; *Matter of Nashko v Standard Water Proofing Co.*, *supra*; *Matter of Linton v North Am. Van Lines*, 26 AD2d 101, *appeal dismissed* 18 NY2d 719; *cf. Matter of Lupoli v Serve-Queen, Inc.*, 130 AD2d 844). Under these circumstances, the fact that TRL required him to sign an employment application in which he agreed to work under the provisions of the Workers' Compensation Law of Pennsylvania does not compel a contrary conclusion.

Moreover, the law in New York is well settled that acceptance of compensation from another state "does not prevent [claimant from] obtaining compensation in the State of New York providing [he] is entitled to it under the facts of his case" (*Anderson v Jarrett Chambers Co.*, 210 App Div 543, 544; *see Matter of Rutledge v Kelly & Miller Bros. Circus*, *supra* at 474-475; *Matter of Williams v Roadkill, Inc.*, *supra* at 765; *Matter of Stacy v Matthew Bender Co.*, 86 AD2d 913, 914; *Matter of Hernandez v G & P Constr. Co. of N.Y.*, 43 AD2d 228, 229; *Gonzalez v Queensboro Leasing*, 38 AD2d 823). Thus, the Board correctly ruled that New York has jurisdiction over this claim and that any awards in this state shall be reduced by previous amounts awarded in Pennsylvania (*see Matter of Rutledge v Kelly & Miller Bros. Circus*, *supra* at 474-475).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.