■ In the Matter of the Claim of CORNELIO PALAGURCHI, Appellant, v MENGS SERVICE, INC., et al., Respondents. WORKERS'

COMPENSATION BOARD, Respondent. [753 NYS2d 770] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 24, 2001, which ruled that said Board lacked jurisdiction over claimant's application for benefits.

Claimant, a furniture mover residing in Queens County, sustained an injury to his right foot while moving a piece of furniture in New Jersey and subsequently filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge concluded that there were insufficient contacts with New York to confer jurisdiction over the claim in question. The Workers' Compensation Board affirmed, prompting this appeal by claimant.

We affirm. Whether the Board has subject matter jurisdiction over a particular claim arising from an injury occurring outside New York is a factual inquiry to be determined based upon consideration of various factors, including where the employee resides, where the employee was hired and the location of the employer's offices (*see Matter of Nashko v Standard Water Proofing Co.*, 4 NY2d 199, 201-202; *Matter of Williams v Roadkill, Inc.*, 277 AD2d 764, 764-765, *lv dismissed* 96 NY2d 824). If, upon due consideration of the relevant factors, "it appears that the claimant's employment had sufficient significant contacts with New York such that it may reasonably be concluded that the employment was located here, then subject matter jurisdiction exists" (*Matter of Williams v Roadkill, Inc.*, *supra* at 765).

Here, although claimant testified that he was a resident of New York, it appears that claimant interviewed and was hired for the job at his employer's offices in New Jersey and that the bulk of claimant's job duties were performed outside of New York. Under these circumstances, we cannot say that the Board erred in concluding that New York lacked "sufficient significant contacts" with claimant's employment to confer subject matter jurisdiction over the underlying claim. Accordingly, the Board's decision is affirmed.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.