■ In the Matter of the Claim of RIOKARDO SANCHEZ, Respondent, v CLESTRA CLEANROOM, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 676]—

Mercure, J.P. Appeals (1) from a decision of the Workers' Compensation Board, filed June 24, 2003, which, inter alia, ruled that the Board possessed jurisdiction over claimant's application for benefits, and (2) from a decision of said Board, filed January 9, 2004, which denied the employer's application for reconsideration and/or full Board review.

Claimant, a resident of Georgia, was hired in September 1999 by Clestra Cleanroom, Inc., a New York corporation, to supervise a construction project in Argentina. The employment contract was prepared, agreed to and executed via mail and facsimile correspondence between claimant's Georgia office and the employer's offices in Onondaga County. One month after arriving in Argentina and commencing work on the project, claimant injured his foot and was forced to return to the United States to seek medical attention. After claimant's injury became infected, requiring amputation of his leg below the knee, he applied for workers' compensation benefits in Georgia. The Georgia Workers' Compensation Board denied his claim for lack of jurisdiction after finding that the employment contract had been executed in New York. Claimant also applied for workers' compensation benefits in New York. Following a hearing, the Workers' Compensation Law Judge found that the Workers' Compensation Board (hereinafter Board) possessed jurisdiction over the claim and awarded claimant benefits. The Board affirmed and subsequently denied the employer's application for reconsideration and/or full Board review. The employer and its workers' compensation carrier appeal.*

We affirm. When a claimant seeks compensation for an injury sustained outside of New York, the Board possesses subject matter jurisdiction over that claim if sufficient significant contacts between the claimant's employment and the state are found to exist (*see Matter of Nashko v Standard Water Proofing Co.*, 4 NY2d 199, 201-202 [1958]; *Matter of Palagurchi v Mengs Serv.*, 302 AD2d 648, 649 [2003]). In this regard, "[t]here is no fixed, invariable touchstone" signifying the presence or absence of jurisdiction; rather, a variety of factors, applied to the particular facts of each case, are to be considered, including the location of the employer's offices, the nature and degree of control exercised by the employer, the place of hiring and the payment of expenses (*Matter of Nashko v Standard Water Proofing Co., supra* at 200-202; *see Matter of Williams v Roadkill, Inc.*, 277 AD2d 764, 765 [2000], *lv dismissed* 96 NY2d 824 [2001]).

Here, although claimant did not reside in New York and was never required to travel to the state in connection with his employment, his proposed employment agreement was faxed to the employer's New York offices and accepted there. Thus, we

---

* The employer and its carrier have failed to raise any issues in their appellate brief with respect to the January 9, 2004 decision denying reconsideration and/or full Board review and, as such, any arguments regarding that decision have been waived (*see Matter of Lehigh Portland Cement Co. v Assessor of Town of Catskill*, 263 AD2d 558, 560 [1999]).

agree with the Board that New York was the place of hire. Moreover, claimant's undisputed hearing testimony established that he received daily instructions from the employer's New York-based supervisors throughout the period that he was working in Argentina. The employer also paid for claimant's travel and lodging expenses and provided most of the tools and materials for the project. Finally, the employer assumed responsibility for ensuring that claimant received coverage under its workers' compensation policy. Under these circumstances, we conclude that substantial evidence supports the Board's determination that it possessed subject matter jurisdiction over the claim (*see Matter of Williams v Roadkill, Inc., supra* at 765; *Matter of Hartham v Fuller Co.*, 89 AD2d 720, 721 [1982]).

We have considered the remaining arguments of the employer and its carrier and conclude that they are meritless.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.