■ In the Matter of the Claim of CARMEN R. DERAWAY, Respondent, v BULK STORAGE, INC., Respondent, and VIRGINIA SURETY COMPANY, Also Known as COMBINED SPECIALTY INSURANCE, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [858 NYS2d 459]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 9, 2007, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a New York resident, was employed as a carpenter by an Illinois-based corporation that constructed prefabricated buildings used to store road salt. On December 20, 2004, while working for Bulk Storage, Inc. (hereinafter the employer) in Pennsylvania, claimant was injured when a 1,800-pound wood panel fell on him. His original workers' compensation claim was filed in Illinois, however, it was denied for lack of coverage. Thereafter, claimant filed for workers' compensation benefits in New York and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a work-related injury and that sufficient contacts existed between his employment and New York to establish jurisdiction. The WCLJ also found that the employer's workers' compensation policy issued by Virginia Surety Company covered

the claim and awarded benefits to claimant. Both Virginia and the employer filed separate applications for review by the Workers' Compensation Board, each claiming that the decision should be rescinded based on a lack of jurisdiction. The employer argued, alternatively, that if jurisdiction was found to exist, its policy with Virginia should cover the claim. Virginia argued that its policy is not applicable to the claim and that the Uninsured Employment Fund should be held responsible for its payment. The Board affirmed the WCLJ's decision and Virginia and its third-party administrator (hereinafter collectively referred to as the carrier) now appeal.[1]

For the Board to have jurisdiction over a claim arising from a work-related injury that occurred outside New York, it must determine whether there were sufficient and significant contacts between the state and the employer to support a reasonable conclusion that the employment was to some extent sited in this state (*see Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d 199, 201-202 [1958]; *Matter of Sanchez v Clestra Cleanroom, Inc.,* 11 AD3d 781, 782 [2004]; *Matter of Edick v Transcontinental Refrigerated Lines,* 300 AD2d 848, 848-849 [2002]). In making that determination, the Board may consider, among other things, the extent to which the employer conducted business in New York, whether the employee resides in New York, how the employee was recruited and hired by the employer, whether the employee was expected to return to New York after completing out-of-state work assignments for the employer and whether the employer routinely contacted the employee regarding work assignments while the employee was located in New York (*see Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d at 201; *Matter of Bugaj v Great Am. Transp., Inc.,* 20 AD3d 612, 613-614 [2005]; *Matter of Williams v Roadkill, Inc.,* 277 AD2d 764, 765 [2000], *lv dismissed* 96 NY2d 824 [2001]). Here, prior to claimant's accident in Pennsylvania, he was hired by the employer while he was employed by another entity on a project on Riker's Island. The

---

1. The notice of appeal filed by the carrier mistakenly states that the employer was filing the notice of appeal. Also, the notice of appeal was not timely served upon the employer. The carrier explains that the error on the notice of appeal was merely typographical. Recognizing the lack of any prejudice to any party as a result of either error, we utilize our discretionary power under CPLR 5520 (c) to correct the error and treat the notice of appeal as an appeal from the carrier (*see Matter of Barker v Buffalo Color Corp.,* 32 AD3d 1138, 1139 [2006]), and we find that the carrier's failure to serve the employer with the notice of appeal does not render the notice of appeal invalid as the employer was obviously aware of the appeal, had sufficient time to participate in the appeal and was not prejudiced by the carrier's neglect (*see Peck v Ernst Bros.,* 81 AD2d 940, 941 [1981]).

employer, which was the general contractor for the Riker's Island project, required claimant as part of his employment to continue on the project until it was completed. Throughout his employment, claimant resided in New York and, whenever he performed work on projects for the employer in other states, always returned to his New York residence upon their completion. Moreover, the record established that claimant worked on projects for the employer located in New York and, also, when employed on projects outside New York, was notified about them while at his New York residence. Based on the foregoing, substantial evidence exists to support the Board's determination that the employer had significant contacts with New York as to establish the Board's jurisdiction over this claim (*see Matter of Edick v Transcontinental Refrigerated Lines*, 300 AD2d at 848-849).

Similarly unavailing is the carrier's argument that the workers' compensation policy it issued did not provide coverage to claimant for this accident. The policy covers claims under workers' compensation statutes of other states if "[t]he employee claiming benefits was either hired under a contract of employment made in [Illinois] or was, at the time of the injury, principally employed in [Illinois]." In the policy, the carrier failed to define "principally employed" and, as a result, any ambiguity as to the meaning of this phrase must be construed against it and in favor of the employer and claimant (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Commercial Union Ins. Co. v Liberty Mut. Ins. Co.*, 36 AD3d 645, 645-646 [2007]; *Barnhardt v Hudson Val. Dist. Council of Carpenters Benefit Funds*, 114 AD2d 701, 702-703 [1985]). Further, claimant received all of his work assignments during the course of his employment from the employer's office in Illinois and would routinely return to Illinois to meet and discuss projects with the employer or its designated representative. In addition, claimant was provided with a cell phone with an Illinois phone number to be used during the course of his employment by the employer. Based on these undisputed facts, we find that substantial evidence exists to support the Board's determination that the employee, while a New York resident, was, in fact, principally employed in Illinois and that the carrier's policy covered this claim (*see Matter of Cabrera v Two-Three-Nought-Four Assoc.*, 46 AD3d 1255, 1258 [2007]).[2]

Mercure, J.P., Peters, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

---

**2.** We do not agree with the carrier's suggestion that a finding that New York has jurisdiction over this claim is somehow inconsistent with the conclusion that claimant was primarily employed in Illinois.