In the Matter of the Claim of CHARLES COLLEY, Appellant, v ENDICOTT JOHNSON CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 1.) In the Matter of the Claim of CHARLES COLLEY, Appellant, v MCS CARRIERS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 2.) [875 NYS2d 337]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed November 8, 2006, which ruled that the claim was barred by Workers' Compensation Law § 123 in claim No. 1 and that New York does not have jurisdiction over the claim in claim No. 2.

Claimant suffered a work-related injury to his back in December 1985 and the claim was closed after the last payment of workers' compensation benefits was made on March 18, 1986. On November 17, 2004, claimant allegedly injured his back while working in Ohio as a truck driver for employer MCS Carriers. Based upon this incident, claimant filed a new claim for workers' compensation benefits and also applied to reopen the 1985 claim. A Workers' Compensation Law Judge ruled that Workers' Compensation Law § 123 precluded reopening the 1985 claim and that subject matter jurisdiction in New York

was not established for the 2004 injury. On review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm. Workers' Compensation Law § 123 states, as relevant here, that no award of compensation will be made when the application to reopen a closed case "is made after a lapse of [18] years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation." Here, claimant's application to reopen the claim was made in 2005, beyond the statutory limits of Workers' Compensation Law § 123. Claimant contends that issues raised in applications he filed to reopen the claim in 1999 and 2003, which were made within the statutory time limits, are unresolved by the Board and, therefore, Workers' Compensation Law § 123 does not apply. The record establishes, however, that the Board closed the case following both applications without awarding compensation. Insofar as claimant did not appeal those decisions and failed to submit a further application to reopen prior to the tolling of the time limits, we conclude that the Board properly determined that Workers' Compensation Law § 123 was applicable (*see Matter of Bianca v Lawler Automatic Controls*, 67 AD2d 1064, 1065 [1979], *lv denied* 47 NY2d 709 [1979]).

Regarding the 2004 claim, "[w]hen a claimant seeks compensation for an injury sustained outside of New York, the Board possesses subject matter jurisdiction over that claim if sufficient significant contacts between the claimant's employment and the state are found to exist" (*Matter of Sanchez v Clestra Cleanroom, Inc.*, 11 AD3d 781, 782 [2004]; *accord Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 613 [2005]). In this regard, various factors are to be considered, including where the employee resides, the location of his employment, the place of hiring, the location of the employer's offices and the extent to which the employer conducted business in New York (*see Matter of Deraway v Bulk Stor., Inc.*, 51 AD3d 1313, 1314 [2008]; *Matter of Palagurchi v Mengs Serv.*, 302 AD2d 648, 649 [2003]; *Matter of Williams v Roadkill, Inc.*, 277 AD2d 764, 764-765 [2000], *lv dismissed* 96 NY2d 824 [2001]).

Here, claimant resides in New York, but the employer's terminals, where claimant was injured, are in Ohio and the employer does not have any terminals in New York. Although claimant's initial job interview was conducted by phone at his residence, the hiring process was completed in Ohio. All control over claimant's employment was exercised in Ohio and the employer presented evidence that it only conducts about 5% of its total business in New York. Under these circumstances, despite claimant's residency and the fact that he drove through

New York to either complete part of his assignments or return home on days off, we conclude that the Board did not err in determining that there were not enough significant contacts to confer subject matter jurisdiction over this claim (*see Matter of Palagurchi v Mengs Serv.*, 302 AD2d at 649).

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.