SABERS, Justice (Ret.)
(dissenting).
[¶ 21.] This Court has previously recognized the United States Supreme Court’s holding that:
[A] State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workers’ compensation law in the first instance. The Full Faith and Credit Clause should not be construed to preclude successive workers’ compensation awards.
Martin v. Am. Colloid Co., 2011 S.D. 57, ¶ 9, 804 N.W.2d 65, 67 (citing Thomas v. Wash. Gas Light Co., 448 U.S. 261, 286, 100 S.Ct. 2647, 2668, 65 L.Ed.2d 757 (1980)). Further, the language of SDCL 62-3-8 provides that the provisions of South Dakota’s workers’ compensation statutes may apply “whether injury ... occurs within this state or elsewhere.... ” The language of SDCL 62-3-3 demonstrates the Legislature’s intent that South Dakota workers’ compensation statutes should apply “to at least some injuries that occur in another state[.]” Martin, 2011 S.D. 57, ¶ 14, 804 N.W.2d at 69. Accordingly, Knapp is entitled to a successive award of workers’ compensation benefits as long as the Department has jurisdiction under South Dakota law. Id. ¶ 12.
*792 [¶22.] “When determining the presence or absence of coverage for injuries occurring out of state, of primary importance is a determination as to the location of the employment relationship.” Id. ¶ 14 (citing Nashko v. Standard Water Proofing Co., 4 N.Y.2d 199, 173 N.Y.S.2d 565, 149 N.E.2d 859, 861 (1958)). This approach requires us to consider “factors tending to show [a] substantial connection with this [s]tate[.]” Id.
[¶23.] The majority relies on the Restatement (Second) of Conflict of Laws (1971) section 181 to determine “what constitutes a substantial connection with the employment relationship.” Id. ¶ 15. Specifically, section 181(f) provides: “A state of the United States may consistently with the requirements of due process award relief to a person under its workers’] compensation statute, if ..., or (f) the State has some other reasonable relationship to the occurrence, the parties and the employment.” Id. (quoting Restatement (Second) of Conflict of Laws § 181 (1971)). The majority disregards the spirit and letter of the law by dismissing the final “or” prior to section 181 factor (f), thereby dismissing factor (f) altogether. Here, section 181 factor (f) is dispositive because South Dakota had a reasonable relationship to both Knapp and his employment.
[¶ 24.] Knapp’s reasonable relationship to South Dakota is demonstrated in several ways. Knapp lived at his home in Camp Crook, South Dakota off and on for over thirty years. Knapp’s position at Hamm & Phillips Service Company, Inc., required him to drive his truck in northwestern South Dakota, which accounted for thirty-five percent of his driving time. Knapp parked his truck in Buffalo, South Dakota, at a facility owned by a customer of Hamm & Phillips. Knapp dropped off his daily time logs and picked up his paychecks from this same location in Buffalo, South Dakota. Without this South Dakota facility, Hamm & Phillips would have had to provide a facility in North Dakota at their expense. All of these factors, taken together, suggest that Knapp’s relationship with South Dakota was substantial. Certainly, all of these factors taken together are not insubstantial.
[¶ 25.] The majority incorrectly focuses on the fact that “Knapp’s employment was mainly in North Dakota.” However, the question is not whether Knapp’s employment was primarily in North Dakota. Rather, the question is whether Knapp’s relationship with South Dakota was also substantial. That North Dakota’s relation to Knapp and his employment is more substantial than South Dakota’s relationship does not mean in any way that South Dakota’s relationship is not also substantial.
[¶ 26.] Because South Dakota has jurisdiction over Knapp’s claim, a successive award by the State would not be precluded by South Dakota law or the Full Faith and Credit Clause. This Court should find that the circuit court erred in determining South Dakota did not have jurisdiction, and that substitution was permitted, necessary, and proper. The majority’s narrow and incorrect interpretation denies a South Dakota resident his rightful opportunity in court. Accordingly, the Case should be remanded for a determination of whether Knapp’s rights to accrued but unpaid benefits were vested and were due. For these reasons, I dissent.