*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017          523283
_____

In the Matter of the Claim of
    MARIE BARNETT,
                    Respondent,

        v                                MEMORANDUM AND ORDER

BRENDA T. CALLAWAY,
                    Appellant,
                    et al.,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White
Plains (Jeremy M. Buchalski of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____

Aarons, J.

        Appeal from a decision of the Workers' Compensation Appeal
Board, filed August 14, 2015, which ruled, among other things,
that New York has jurisdiction over the claim for workers'
compensation benefits.

        In May 2011, claimant, a chef manager, sustained work-
related injuries to her right arm and shoulder when she slipped

and fell while working for the uninsured employer.  Although the incident resulting in claimant's injuries occurred in Florida, claimant, a resident of New York, filed a claim for workers' compensation benefits in New York.  Thereafter, prima facie medical evidence was found for a right shoulder injury.  Following a hearing, a Workers' Compensation Law Judge found, insofar as relevant here, that there were sufficient contacts between claimant's employment and New York to establish subject matter jurisdiction over the claim.  The Uninsured Employers' Fund (hereinafter UEF) and the uninsured employer sought administrative review, and the Workers' Compensation Board declined to consider the appeals, finding that the application for review by the UEF was untimely and that the employer failed to serve a copy of its application for review on the UEF.  Thereafter, in an amended decision, the Board denied the applications by the employer and the UEF for reconsideration and/or full Board review; however, the Board exercised its discretion to address the merits of the employer's prior application for review and, in so doing, affirmed the decision of the Workers' Compensation Law Judge in toto.[1]  The employer now appeals.

     "For the Board to have jurisdiction over a claim arising from a work-related injury that occurred outside New York, it must determine whether there were sufficient and significant contacts between the state and the employer to support a reasonable conclusion that the employment was to some extent sited in this state" (Matter of Deraway v Bulk Stor., Inc., 51 AD3d 1313, 1314 [2008] [citations omitted]; see Matter of Colley v Endicott Johnson Corp., 60 AD3d 1213, 1214 [2009]; Matter of Bugaj v Great Am. Transp., Inc., 20 AD3d 612, 613 [2005]; Matter of Sanchez v Clestra Cleanroom, Inc., 11 AD3d 781, 782 [2004]).  To make this determination, the Board may consider various factors, including where the employee resides, where the employee

_____

     [1]  During the pendency of the applications for reconsideration and/or full Board review, a Workers' Compensation Law Judge found that claimant had a permanent partial disability, with a 50% schedule loss of use of her right hand and a 30% schedule loss of use of her right arm and awarded her benefits.

was hired, the location of the employee's employment and the employer's offices, whether the employee was expected to return to New York after completing out-of-state work for the employer and the extent to which the employer conducted business in New York (see Matter of Colley v Endicott Johnson Corp., 60 AD3d at 1214; Matter of Deraway v Bulk Stor., Inc., 51 AD3d at 1314; see generally Matter of Nashko v Standard Water Proofing Co., 4 NY2d 199, 201-203 [1958]).  Upon due consideration of these relevant factors, if "it appears that the claimant's employment had sufficient significant contacts with New York such that it may reasonably be concluded that the employment was located here, then subject matter jurisdiction exists" (Matter of Palagurchi v Mengs Serv., 302 AD2d 648, 649 [2003] [internal quotation marks and citation omitted]).

While there is no dispute that claimant sustained her injuries while working in Florida, the record also establishes that claimant has maintained her primary and permanent residence in New York since 1983.  Claimant testified that, in 2006, she was interviewed and hired at her employer's residence located in New York and that her job duties included maintaining, and cooking for, that residence.  Although claimant traveled with, and worked for, her employer in Florida for approximately eight months out of the year, claimant lived at her employer's residence in New York for the balance of the year for five days a week while performing her job responsibilities.  In addition, claimant testified that, throughout her employment, she considered New York her home.  Accordingly, under the circumstances presented here, we conclude that, notwithstanding evidence in the record that could support a contrary result, substantial evidence supports the Board's determination that there were significant contacts with New York to establish subject matter jurisdiction over this claim (see Matter of Nashko v Standard Water Proofing Co., 4 NY2d at 202-203; Matter of Deraway v Bulk Stor., Inc., 51 AD3d at 1314-1315; Matter of Sanchez v Clestra Cleanroom, Inc., 11 AD3d at 782-783; compare Matter of Colley v Endicott Johnson Corp., 60 AD3d at 1214-1215; Matter of Palagurchi v Mengs Serv., 302 AD2d at 649).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

-4-                    523283

ORDERED that the decision is affirmed, without costs.




ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court