Matter of Galster v Keen Transp., Inc. (2018 NY Slip Op 01105)





Matter of Galster v Keen Transp., Inc.


2018 NY Slip Op 01105


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

523202

[*1]In the Matter of the Claim of LARAINE GALSTER, as Executor of the Estate of ARTHUR GALSTER, Deceased, Respondent,
v
KEEN TRANSPORT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.
DeSantis & DeSantis, Utica (Michael P. DeSantis of counsel), for Laraine Galster, respondent.
Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2015, which found that the Board has jurisdiction over the claim.
Arthur Galster (hereinafter decedent), a resident of New York, was hired in 2006 by the employer, a business located in Pennsylvania, to deliver highway construction equipment throughout the contiguous United States. In 2013, while shifting equipment in his trailer in Illinois, decedent injured his right shoulder, and he thereafter applied for workers' compensation benefits in New York while the employer filed a workers' compensation claim on his behalf in Pennsylvania. As is relevant here, the employer and its workers' compensation carrier controverted the instant claim on the ground that the Workers' Compensation Board did not have jurisdiction due to the lack of an adequate connection between decedent's employment and New [*2]York [FN1]. After a hearing, a Workers' Compensation Law Judge found that the contacts between decedent's employment and New York established jurisdiction over the claim, and she established the claim for a right shoulder injury. Thereafter, the Board affirmed the finding of jurisdiction on appeal. The employer and the carrier now appeal.[FN2]
We affirm. The Board has jurisdiction over a claim for an injury occurring outside of New York where there are "sufficient significant contacts" between the employment and New York (Matter of Nashko v Standard Water Proofing Co., 4 NY2d 199, 201 [1958]; see Matter of Sanchez v Clestra Cleanroom, Inc., 11 AD3d 781, 782 [2004]). A variety of factors must be taken into account in the fact-finding required to assess jurisdiction, "including where the employee resides, where the employee was hired, the location of the employee's employment and the employer's offices, whether the employee was expected to return to New York after completing out-of-state work for the employer and the extent to which the employer conducted business in New York" (Matter of Barnett v Callaway, 146 AD3d 1215, 1216 [2017]; see Matter of Deraway v Bulk Stor., Inc., 51 AD3d 1313, 1314 [2008]). The Board's determination as to the existence of jurisdiction will not be disturbed if it is supported by substantial evidence (see Matter of Barnett v Callaway, 146 AD3d at 1217; Matter of Deraway v Bulk Stor., Inc., 51 AD3d at 1315).
At the hearing, decedent testified that, while he was living in New York, he was hired by the employer during a phone call and that he thereafter went to Pennsylvania for a four-day orientation before he began driving for the employer. He further explained that he continued to live in New York and that, during the two-year period prior to his accident, he had made 17 deliveries to locations in New York, which was significantly more deliveries than he had made to Pennsylvania. Decedent also described his "home base" as being in New York and testified that the employer would contact him at his home in New York about jobs. After decedent was injured, the employer assisted in securing medical care for him in New York and selecting a doctor for him there. Decedent acknowledged that the dispatcher from whom he received calls was located in Pennsylvania. Decedent further explained that, after he was injured, the employer helped secure him light-duty work in New York for which the employer paid him, and the record contains a letter to decedent explaining that the employer had sought assistance in securing him such a position and that it was "an extension of [his] employment" with the employer. The director of human resources for the employer testified that the employer does not own any property in New York or have any offices there. He further elaborated that, while the employer owns "yards" in eight states, including Pennsylvania, it did not own any "yards" in New York. Considering the foregoing, and despite the fact that some factors weigh in favor of a finding of no jurisdiction, substantial evidence supports the Board's determination that there were sufficient significant contacts between the employment and New York so as to give it jurisdiction over the claim (see Matter of Deraway v Bulk Stor., Inc., 51 AD3d at 1315; Matter of Bugaj v Great Am. Transp., Inc., 20 AD3d 612, 614 [2005]; Matter of Edick v Transcontinental Refrigerated Lines, [*3]300 AD2d 848, 849 [2002]; compare Matter of Colley v Endicott Johnson Corp., 60 AD3d 1213, 1214-1215 [2009]).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The employer and the carrier conceded that the fact that decedent had a Pennsylvania claim was not a bar to a New York claim (see generally Matter of Edick v Transcontinental Refrigerated Lines, 300 AD2d 848, 849 [2002]; Anderson v Jarrett Chambers Co., Inc., 210 App Div 543, 544 [1924]).

Footnote 2: Decedent died during the pendency of this appeal and claimant, his wife, was thereafter appointed as the representative of his estate.