Matter of Mosner v LINK9 LLC (2023 NY Slip Op 06423)

Matter of Mosner v LINK9 LLC

2023 NY Slip Op 06423

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

CV-22-1997
[*1]In the Matter of the Claim of Nancy Mosner, Appellant,
v
LINK9 LLC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Polsky, Shouldice & Rosen, PC, Rockville Centre (Timothy J. Rogers of counsel), for appellant.
Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for Link9 LLC and others, respondents.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 13, 2022, which dismissed the claim for lack of subject matter jurisdiction.
Claimant, a resident of New Jersey, was working on an assignment in California when she fell and was injured. She thereafter filed a claim for workers' compensation benefits in New York, using a New York address for the employer.[FN1] The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, raising several defenses including lack of subject matter jurisdiction. Various proceedings ensued and, following a hearing, a Workers' Compensation Law Judge found, as is pertinent here, that sufficient contacts with New York existed to establish jurisdiction over the claim. Upon review, the Board reversed and dismissed the claim, finding that subject matter jurisdiction had not been established. Claimant appeals.
We affirm. "For the Board to have jurisdiction over a claim arising from a work-related injury that occurred outside New York, it must determine whether there were sufficient and significant contacts between the state and the employer to support a reasonable conclusion that the employment was to some extent sited in this state" (Matter of Deraway v Bulk Stor., Inc., 51 AD3d 1313, 1314 [3d Dept 2008]; see Matter of Nashko v Standard Water Proofing Co., 4 NY2d 199, 201 [1958]). In making this factual determination, the Board may consider myriad factors, "including where the employee resides, where the employee was hired, the location of the employee's employment and the employer's offices, whether the employee was expected to return to New York after completing out-of-state work for the employer and the extent to which the employer conducted business in New York" (Matter of Barnett v Callaway, 146 AD3d 1215, 1216 [3d Dept 2017]; see Matter of Bugaj v Great Am. Transp., Inc., 20 AD3d 612, 613-614 [3d Dept 2005]). The Board's determination as to jurisdiction will not be disturbed where it is supported by substantial evidence (see Matter of Galster v Keen Transp., Inc., 158 AD3d 959, 960 [3d Dept 2018]; Matter of Deraway v Bulk Stor., Inc., 51 AD3d at 1315).
It is undisputed that claimant is a resident of New Jersey and that the incident giving rise to her injuries occurred in California, where she was working on an assignment for the employer. Claimant further testified that she also attends meetings with other agencies owned by the employer's parent company in New York, where those agencies' offices are located. Nevertheless, claimant stated that her place of employment is "[t]ypically" in New Jersey, where she admitted the employer's office is located. Moreover, the record reflects that claimant's W-2 tax form, while identifying a New York address associated with the employer, reports that income taxes were withheld in New Jersey alone. Based upon the foregoing, substantial evidence supports the Board's determination that there were not [*2]"sufficient significant contacts" in New York to confer subject matter jurisdiction over this claim (Matter of Palagurchi v Mengs Serv., 302 AD2d 648, 649 [3d Dept 2003] [internal quotation marks and citation omitted]; see Matter of Colley v Endicott Johnson Corp., 60 AD3d 1213, 1214-1215 [3d Dept 2009]; compare Matter of Nashko v Standard Water Proofing Co., 4 NY2d at 202-203; Matter of Sanchez v Clestra Cleanroom, Inc., 11 AD3d 781, 782-783 [3d Dept 2004]).
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: To the extent that evidence in the record reflects that claimant also filed a claim in New Jersey, it is noted that such is not a bar to a New York claim (see Matter of Galster v Keen Transp., Inc., 158 AD3d 959, 959 n 1 [3d Dept 2018]; see generally Matter of Edick v Transcontinental Refrigerated Lines, 300 AD2d 848, 849 [3d Dept 2002]).