Matter of Lleshaj v Delta D. (2024 NY Slip Op 05010)

Matter of Lleshaj v Delta D.

2024 NY Slip Op 05010

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-0805
[*1]In the Matter of the Claim of Martin Lleshaj, Appellant,
v
Delta D., Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Michael B. Palillo PC, New York City (Michael B. Palillo of counsel), for Delta D., Inc., respondent.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for Parksite Inc. and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 5, 2023, which dismissed the claim for lack of subject matter jurisdiction.
Claimant, a resident of New York, worked as a truck driver for Delta D., Inc., an Illinois-based trucking company. On March 4, 2020, claimant was injured in an accident that occurred in Pennsylvania while transporting a load for Delta from Ohio to Massachusetts. He thereafter filed a claim for workers' compensation benefits in New York. Following a hearing, the Workers' Compensation Law Judge found, as relevant here, that there were sufficient contacts that existed between claimant's employment and New York to establish subject matter jurisdiction over the claim. Upon review, the Workers' Compensation Board reversed and dismissed the claim, finding a lack of subject matter jurisdiction. Claimant appeals.
We affirm. "For the Board to have jurisdiction over a claim arising from a work-related injury that occurred outside New York, it must determine whether there were sufficient and significant contacts between the state and the employer to support a reasonable conclusion that the employment was to some extent sited in this state" (Matter of Deraway v Bulk Stor., Inc., 51 AD3d 1313, 1314 [3d Dept 2008] [citations omitted]; accord Matter of Mosner v Link9 LLC, 222 AD3d 1151, 1152 [3d Dept 2023]). "In making this factual determination, the Board may consider myriad factors, 'including where the employee resides, where the employee was hired, the location of the employee's employment and the employer's offices, whether the employee was expected to return to New York after completing out-of-state work for the employer and the extent to which the employer conducted business in New York' " (Matter of Mosner v Link9 LLC, 222 AD3d at 1152, quoting Matter of Barnett v Callaway, 146 AD3d 1215, 1216 [3d Dept 2017]; see Matter of Galster v Keen Transp., Inc., 158 AD3d 959, 960 [3d Dept 2018]). "The Board's determination as to the existence of jurisdiction will not be disturbed if it is supported by substantial evidence" (Matter of Galster v Keen Transp., Inc., 158 AD3d at 960 [citations omitted]).
Claimant testified that he resides in New York and, in early January 2020, he applied to work for Delta on its website from his home computer. Delta then emailed him an employment agreement, which he signed and returned to Delta from his home. Claimant started working for Delta on January 17, 2020, using his own tractor and renting a trailer from Delta.
Delta's owner testified that it is located in Illinois and that it has no offices or facilities in New York. According to the owner, drivers such as claimant would call the dispatch office for an assignment either immediately after they finished their last assignment or after they took a break, or the drivers could choose to go home after completing the assignment. Claimant testified that he would call dispatch for assignments but there is no evidence in the record, other [*2]than presumably for his first assignment, that claimant contacted Delta for work from New York. Moreover, there is no evidence regarding how many assignments he was given by Delta that required him to pick up or deliver cargo in New York or any evidence as to the extent of business conducted in New York by Delta. Notwithstanding claimant's residency in New York, given the foregoing, we conclude that substantial evidence supports the Board's determination that there were insufficient contacts in New York in order to confer subject matter jurisdiction over the claim (see Matter of Mosner v Link9 LLC, 222 AD3d at 1153; Matter of Colley v Endicott Johnson Corp., 60 AD3d 1213, 1214-1215 [3d Dept 2009]). Claimant's remaining argument that he was an employee of Delta is not properly before us as the Board did not address this issue in its decision (see generally Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1531 [3d Dept 2019]) and, in any event, is academic.
Egan Jr., J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.